Argued and submitted October 10, reversed and remanded with
instructions December 7, 1983, reconsideration denied January 27,
petition for review allowed February 22, 1984 (296 Or 486)
See 297 Or 113, 682 P2d 776 (1984)

# MATTESON,
*Respondent,*

*v.*

# HARPER,
*Appellant.*

(A8202-00761; CA A27119)

672 P2d 1219

J. P. Graff, Portland, argued the cause and filed the briefs for appellant. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Leslie M. Roberts, Portland, argued the cause for respondent. With her on the brief was Kell, Alterman & Runstein, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an action for conversion of collateral in which plaintiff had a perfected security interest. The trial court granted plaintiff's motion for summary judgment. We reverse and remand with instructions to enter judgment for defendant.

The facts are not in dispute. Plaintiff owned a 1978 model John Deere bulldozer, which he had purchased as an investment. In September, 1980, he sold the bulldozer to a group of individuals and a corporation (the Thorson group), retaining a security interest. The security agreement prohibited sale of the collateral without the written consent of the secured party. Plaintiff timely filed a financing statement.

The Thorson group subsequently defaulted on the payments. In March, 1981, it delivered the bulldozer to Walker, an auctioneer who dealt in earth-moving equipment. Plaintiff, on discovering that the Thorson group had made the delivery, wrote Walker:

"* * * Mr. Bob Thorson * * * has indicated that the John Deer [sic] 4500 he is purchasing from me is to be at an auction in Seattle on March 26, 1981.

"A minimum sales price must be $22,400.00, plus auctioneer's fee, any transportation costs, storage and handling fees, etc., or I can not consent to the sale. * * *"

Walker apparently took no action in response to that letter. On April 18, 1981, defendant purchased the bulldozer from Walker for $20,500 cash without knowledge of plaintiff's security interest. Walker did not pay any of the proceeds of the sale to either plaintiff or the Thorson group, and he soon went into bankruptcy. Plaintiff demanded that defendant return the bulldozer to him. When defendant refused, plaintiff brought this action for conversion. Each party moved for summary judgment; the trial court granted judgment for the plaintiff awarding him $17,000 plus costs and disbursements. This appeal followed.

■ Defendant first contends that he is entitled to the bulldozer free of plaintiff's security interest by virtue of ORS 79.3060(2), which provides:

"Except where ORS 79.1010 to 79.5070 otherwise provide, a security interest continues in collateral notwithstanding

sale, exchange or other disposition thereof *unless the disposition was authorized by the secured party in the security agreement or otherwise * * *.*" (Emphasis supplied).

This section states the general rule that a security interest continues in collateral despite its sale, unless the sale is authorized by the secured party. Plaintiff's letter to Walker was a conditional authorization—sale was authorized *only if* Walker would receive a minimum net price. In *Baker Prod. Credit v. Long Cr. Meat,* 266 Or 643, 513 P2d 1129 (1973), the Supreme Court examined the effect of a conditional authorization under ORS 79.3060(2) and stated:

> "If the consent or authorization to sell is unconditional, * * * then clearly the purchaser takes free of the security interest. * * * There is nothing in the Code, however, to prevent a secured party from attaching conditions or limitations to its consent to sales of collateral by a debtor. If such conditions are imposed, then a sale by the debtor in violation of those conditions is an unauthorized sale and the security interest, under ORS 79.3030(2), continues in the collateral." 266 Or at 654.

In this case, Walker's violation of the condition by accepting less than the minimum sale price, rendered the sale to defendant unauthorized. Thus, under ORS 79.3060(2), plaintiff's security interest in the bulldozer continued.

■ Defendant argues that *Baker* is not controlling, because in that case the purchaser was aware of the security interest and of the conditions imposed by the secured party while, in the present case, defendant had no knowledge of any security interest in the bulldozer. We find the distinction to be insignificant. ORS 79.3060(2) focuses on the action taken by the secured party. If the secured party authorized the sale, the security interest is cut off; if no authorization was made, the interest continues.[1] The statute does not attribute any importance to the purchaser's knowledge of the security interest or of the secured party's consent to the sale, and neither do we.

Defendant also argues that ORS 72.4030(3) defeats plaintiff's security interest. That section provides:

---

[1] ORS 79.3070(1) provides an exception whereby a buyer in the ordinary course of business takes free of a security interest "created by his seller," unless he is buying farm products from a person engaged in farming operations. Defendant concedes that he does not fit within this exception because the security interest was not created by his seller, Walker.

"Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entrustor to a buyer in ordinary course of business."

Entrustment is defined to include:

"* * * any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence * * *." ORS 72.4030(4).

Defendant contends that plaintiff entrusted the bulldozer to Walker by acquiescing in his retention of it. Therefore, when Walker sold the bulldozer to defendant, who was a buyer in the ordinary course of business, defendant took the bulldozer free of plaintiff's interest. Plaintiff argues that ORS 72.4030(3) does not cut off his rights as a secured party because of the restrictive language in ORS 79.3060(2) that a security interest continues in collateral except when the UCC provisions on secured transactions otherwise provide. Plaintiff takes the position that, because ORS 72.4030 is not one of the provisions on secured transactions, the drafters of the code did not intend for that section to apply to situations involving a secured party. We disagree. Official Comment 2 to UCC 2-403(2), which is identical to ORS 72.4030(3), states:

"* * * As to entrusting by a secured party, subsection 2 [ORS 72.4030(3)] is limited by the more specific provisions of Section 9-307(1) [ORS 79.3070(1)] which deny protection to a person buying farm products from a person engaged in farming operations."

This comment indicates that the drafters recognized that there is interplay between the entrustment section of ORS 72.4030 and the provisions on secured transactions. We read the comment to mean that the entrustment section will not cut off a security interest when a person is buying farm products from a person engaged in farming operations but that, in other situations, it will defeat a security interest. *See In re Woods,* 25 B.R. 924 (1982).

Under the facts of this case, plaintiff, by acquiescing in Walker's retention of the bulldozer, "entrusted" it within the meaning of ORS 72.4030(3). Defendant was a buyer in the ordinary course of business because, without knowledge that the sale to him was in violation of plaintiff's security interest, he bought the bulldozer from Walker, who was in the business

of selling earth-moving equipment.[2] ORS 71.2010(9). Therefore, defendant took the bulldozer free of plaintiff's security interest.

■        The judgment of the trial court is reversed and remanded with instructions to enter judgment for defendant.[3]

---

[2] Plaintiff did not question whether Walker, as an auctioneer, was a merchant under ORS 72.1040(1); neither do we. *See Powers v. Coffeyville Livestock Sales Co. Inc.,* 665 F2d 311 (10th Cir 1981); *Bradford v. Northwest Alabama Livestock Ass'n,* 379 So2d 609 (Ala Civ App 1980).

[3] Although a party cannot appeal from the denial of a motion for summary judgment, when cross-motions for summary judgment are made, and on the undisputed facts one party must prevail as a matter of law, we may direct the entry of the appropriate judgment. *State Farm Mut. Ins. v. Whitlock,* 59 Or App 303, 650 P2d 1042 (1982), *rev den* 294 Or 461 (1983).