Argued October 3, affirmed October 26, 1966

# BOWSHER v. STATE FARM FIRE AND CASUALTY COMPANY

419 P. 2d 606

*Otto R. Skopil, Jr.,* Salem, argued the cause for appellant. With him on the brief were Harry C. Coolidge and Williams, Skopil & Miller, Salem.

*Arthur C. Johnson,* Eugene, argued the cause for respondent. With him on the brief were Alexander A. Bernhard and Johnson, Johnson & Harrang, Eugene.

550

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

GOODWIN, J.

This is a declaratory proceeding to determine whether an owner of an insured automobile who permits an uninsured person to drive his automobile and who is injured through the negligence[1] of such a driver may recover under the "uninsured-automobile" coverage of his own liability insurance policy.

The relevant facts are stipulated. The plaintiff Bowsher had in force, with the defendant insurance company, a standard automobile liability policy in a form approved by the Insurance Commissioner of the State of Oregon. Bowsher was a passenger in his own automobile, which was being driven by one Simpson, when Simpson collided with another automobile. Bowsher was injured.

Simpson had no insurance in force in his own name. The standard "permissive-user" clause of Bowsher's insurance policy made Bowsher's insurance available to Simpson as an "insured." But the bodily-injury liability insurance ("Coverage A") was not in force as to Bowsher because another clause in Bowsher's policy specifically excluded him (as the named insured) from such protection.[2] The policy did, how-

---

[1] The parties stipulated that the driver was "negligent," but the stipulation does not rule out the defenses that might be raised in the event it should be held that the plaintiff's insurance is available in this case.

[2] This insurance does not apply under:

"* * * * *

"(i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured * * *."

ever, contain the standard "uninsured-automobile" clause prescribed by ORS 736.317 (2).[9]

The problem in this case arises out of the exclusions and definitions contained in Bowsher's insurance policy. One of the definitions specifically defines his described automobile as an insured automobile.[4] Since Bowsher was injured while riding in an "insured" automobile, the company contends, he cannot claim coverage under a policy provision expressly written to protect him against injuries caused by operators of "uninsured" automobiles.

Bowsher answers the company's contention as follows: As far as his injuries are concerned, because of the exclusions of his insurance policy his automobile was not an insured automobile, and the driver was not an insured operator, notwithstanding the fact that as to the rest of the world both the automobile and the driver may have been insured.

■ We hold that Bowsher and his injuries are the key to the problem. As far as Bowsher was concerned, Simpson was operating an "uninsured motor vehicle" within the meaning of Bowsher's policy as the policy must be construed under ORS 736.317 (2).

---

[9] "The policy referred to in subsection (1) of this section shall provide coverage therein or supplemental thereto, under provisions approved by the State Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, trailers, or semitrailers because of bodily injury, sickness or disease, including death resulting therefrom. Coverage shall be not less than the amounts or limits prescribed for bodily injury or death for a policy meeting the requirements of ORS chapter 486."

[4] "Insured Automobile—under Coverage U means:

"(1) an owned automobile, provided the use thereof is by such named insured or spouse or any other person to whom such named insured or spouse has given permission to use such automobile, if the use is within the scope of such permission * * *."

■ The trial court held that the legislative intent in requiring certain insurance policies to provide protection for policyholders injured by operators of "uninsured motor vehicles" should be liberally construed to the end that persons injured by uninsured motorists be protected to the limits of such policies to the same extent that they would have been protected if the tortfeasors had carried insurance. We agree. See *Peterson v. State Farm Ins. Co.*, 238 Or 106, 393 P2d 651 (1964).

There is no doubt that if Simpson had been driving some other automobile with Bowsher as his passenger, and had injured Bowsher in exactly the same manner as he injured him in his own automobile, any applicable "uninsured-automobile" coverage paid for by Bowsher would have been available to Bowsher. Nothing in ORS 736.317 (2) suggests an intent to treat an owner of an insurance policy differently when he is injured riding in his own automobile than when he is injured riding in another automobile.

Since the matter is not before us on the present record, we of course express no opinion upon the liability of Simpson to respond in damages to Bowsher. We hold only that the "uninsured-automobile" coverage of Bowsher's policy, for whatever it may be worth, is available to Bowsher in this case.

We have been cited to no cases exactly like the one before us. We believe, however, that the proper focus of inquiry in such cases is to ascertain whether the injury for which a claim is made was covered by liability insurance, assuming that liability can be established. Such a focus seems more relevant than a general inquiry whether some kind of insurance covered, for some purposes, the automobile involved in the accident, regardless of the applicability of such

insurance to the injuries sustained. The availability of public-liability insurance to protect strangers was of no value to Bowsher in this case. As to Bowsher's own injuries, the tort-feasor, if there was one, was wholly uninsured. Therefore, in the only way that could be relevant to the purposes of the statute, Bowsher's automobile was, as to Bowsher, an "uninsured motor vehicle."

For a somewhat analogous situation, involving a single automobile and a passenger, see *Whitney v. American Fidelity Company,* — Mass —, 215 NE2d 767 (1966). There the (nonowner) passenger was riding with a driver whose policy had been written to satisfy only the minimum requirements of local law and did not afford protection to a passenger. As to that accident, the owner's insurance was not applicable. Accordingly, the court held the motor vehicle to be an "uninsured automobile" within the meaning of the passenger's own policy which contained uninsured motorist coverage. We believe such an interpretation is sound.

Whether or not an automobile is "insured" in such cases depends upon whether or not existing insurance is applicable to compensate the particular injured person asserting coverage. If, as to the particular injured person, there is no other insurance available, and his policy contains an "uninsured-automobile" or "uninsured-motorist" clause, then the company writing such a policy must come in and defend on their merits claims made against the company under such coverage.

Affirmed.