Banner Insurance Company, Plaintiff-Appellant, v.
Clotilde Avella, et al., Defendants-Appellees.

Gen. No. 54,371.

First District, Fourth Division.

September 9, 1970.

Rehearing denied and opinion modified October 5, 1970.

Vincent J. Biskupic and Frank J. Merrill, of Oak Brook, for appellant.

George B. Collins, Alan O. Amos, Collins & Amos, of Chicago (Jeffrey Schulman, of counsel), for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff appeals from a summary judgment declaring the rights of defendants to a defense and payment under plaintiff's policy of insurance.

The following facts as set forth in the pleadings and cross-motions for summary judgment are not in dispute. On November 8, 1966, the plaintiff issued to the defendant Pio Mugnaini its standard form automobile insurance policy. On April 19, 1967, while the policy was in full force and effect, Pio's automobile, driven by defendant Anna Mugnaini and carrying the defendant Clotilde Avella, was involved in an accident. At the time of the accident Anna was driving Pio's automobile with his permission.

Clotilde filed a lawsuit against Anna wherein she sought to recover damages for the personal injuries she suffered as a result of the negligence and wilful and wanton misconduct of Anna. Pio was not sued by Clotilde.

Plaintiff obtained a "reservation of right" from Anna and appeared and entered a defense in her behalf in the lawsuit filed against her by Clotilde. Plaintiff then filed its complaint for declaratory judgment to adjudicate its rights and liabilities under the insurance policy issued to Pio.

Clotilde is the natural mother of Anna and Anna is the lawful daughter-in-law of Pio, the named insured under plaintiff's insurance policy. At all times the defendants Anna Mugnaini, Pio Mugnaini, and Clotilde Avella were residents of the same household located at 6226 North Lowell Avenue, Chicago, Illinois.

In the declaratory judgment action cross-motions for summary judgment were filed by plaintiff and defendant Clotilde Avella. The trial court entered summary judgment against plaintiff finding that the defendant Anna Mugnaini had the right under plaintiff's insurance policy to a defense of the claim being made against her by the defendant Clotilde Avella and that the defend-

ants had the right to payment by plaintiff of any judgment entered in the cause entitled Clotilde Avella v. Anna Mugnaini, 67 M2 10801. Plaintiff appeals from this judgment.

Opinion

The automobile insurance policy issued to Pio by the plaintiff provides in Part I—Coverage A that plaintiff agrees "[t]o pay on behalf of *the insured* all sums which *the insured* shall become legally obligated to pay as damages" because of bodily injury and property damage. (Emphasis supplied.) Under the title "Persons Insured" the policy states:

> "The following are insureds under Part I:
>
> "(a) With respect to the owned automobile,
>
>> "(1) the named insured and any resident of the same household,
>>
>> "(2) any other person using such automobile to whom the named insured has given permission, provided the use is within the scope of such permission";

Definitions under Part I are:

> "named insured" means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household; *"insured"* means a person or organization described under "Persons Insured";

It is conceded that by the terms of the policy Anna is one of the persons designated as "insured."

Plaintiff argues, however, that the following portion of the exclusionary clause relieves it from liability under the policy:

> "Exclusions. This policy does not apply under Part I . . .

473

"(d) to bodily injury or property damage to (1) a relative, or (2) the spouse or any parent, son or daughter of *the insured* or spouse, or, (3) the named insured"; (Emphasis ours.)

Defendants claim that Anna is not "the insured" but rather "an insured" and therefore the exclusion does not apply to her. In effect they argue that the words "the insured" as used in the exclusionary clause relate only to the "named insured" and therefore do not apply to other persons designated as "insureds."

In Tenopir v. State Farm Mut. Co., 403 F2d 533 (9th Cir 1968), the court held that "the insured" included "the named insured." However, in its opinion the court at page 536 discussed the interpretation of the word "the":

And the policy itself uses the phrase "the insured" in the coverage clause (p 2), upon which Tenopir must rely to have Golliheair be an insured, just as it does in the exclusion clause (p 4), on which the company relies. If "the insured" means, in the coverage clause, more than one insured, why does it not mean more than one insured in the exclusion clause?

 We conclude that since defendants claim coverage as one of "the insured," they must also accept designation as "the insured" under the exclusionary clause. Therefore we find that "the insured" in part (2) clearly refers not only to the "named insured" but to all persons designated as "insureds" under Part I— Liability, "Persons Insured."

We would also point out that in part (3) of the exclusion clause specific reference is made to the "named insured." Therefore it is manifest that if part (2) was to apply only to the "named insured" those words would have been used instead of "the insured."

■ Where the language in a policy is clear and unambiguous it must be taken in its plain, ordinary and popular sense. Miller v. Madison County Mut. Auto Ins. Co., 46 Ill App2d 413, 197 NE2d 153; Dodge v. Allstate Ins. Co., 89 Ill App2d 405; 233 NE2d 100; and Consumers Const. Co. v. American Motorists Ins. Co., 118 Ill App2d 441, 254 NE2d 265. In the instant case the exclusion against a claim made by a parent of the insured is clear and unequivocal. There being no ambiguities contained within the exclusionary clause of plaintiff's policy, neither coverage nor protection is afforded to the claim of Clotilde Avella, the parent, against Anna Mugnaini, her daughter and the insured.

■ We would note that our holding is in accord with the purpose of an exclusionary clause which is to avoid the possibility of collusive claims in a close, overfriendly and intimate relationship between family members. See Kentucky Farm Bureau Mutual Ins. Co. v. Harp (Ky Ct of App), 423 SW2d 233, and Perry v. Southern Farm Bureau Cas. Co., 251 Miss 544, 170 So2d 628.

The judgment of the trial court granting Avella's motion for summary judgment is reversed and the cause is remanded with directions to conduct further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

STAMOS, P. J. and ENGLISH, J., concur.