Argued February 7, reversed with instructions March 1, 1973

LEE, *Respondent, v.* STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,
*Appellant.*
507 P2d 6

[1]

*Frederic P. Roehr,* of Vergeer, Samuels, Roehr & Sweek, Portland, argued the cause and filed a brief for appellant.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Donald R. Wilson, and Pozzi, Wilson & Atchison, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, TONGUE, HOWELL and BRYSON, Justices.

McALLISTER, J.

■ This is not a suit in equity as it is described by the parties, but a declaratory judgment proceeding to decide the rights of the plaintiff Lorna Lee as the insured under a policy of liability insurance issued to her by the defendant State Farm Mutual Automobile Insurance Co. We have uniformly held that such a proceeding is in the nature of an action at law and governed by the same rules.[1]

---

[1] Oregon Automobile Ins. Co. v. Watkins et al, 264 Or 464, 506

■ ■ ..However, since the proceeding involves only the construction of a contract as a question of law we are not bound by the finding of the trial court, but are free to decide the question de novo.[8] The question is whether the "family-household exclusion" applies to plaintiff. If so, there is no coverage.

The facts are stipulated. State Farm issued a policy of automobile liability insurance in which the plaintiff Lorna Lee was a named insured. Plaintiff was riding as a passenger in her own automobile, which was being driven by her sister-in-law Nancy Darby. The car collided with a bus and plaintiff was injured. She sued both Nancy Darby and the bus company for damages and obtained a judgment against both for the sum of $40,000. The bus company paid $20,000 on the judgment on a covenant not to execute and the remainder of the judgment remains unpaid. Plaintiff contends that State Farm is obligated to pay her $10,000, the limit of its policy issued to her. State Farm contends that the family-household exclusion applies and there is no coverage. The trial court found for plaintiff. We reverse.

The applicable portion of the policy providing bodily injury liability coverage is Insuring Agreement I, Coverage A, providing for payment:

"* * * on behalf of the insured all sums which the insured shall become legally obligated to pay

---

P2d 179 (February 15, 1973); Frontier Ins. v. Hartford Fire Ins., 262 Or 470, 478, 499 P2d 1302, 1306 (1972); May v. Chicago Insurance Co., 260 Or 285, 291-292, 490 P2d 150, 153 (1971).

[8] Chalmers v. Oregon Auto Ins. Co., 262 Or 504, 510, 500 P2d 258, 260 (1972); Rolfe v. NW Cattle & Resources, Inc., 260 Or 590, 600-601, 491 P2d 195, 200 (1971); May v. Chicago Insurance Co., supra n 1, 490 P2d at 153.

as damages because of (A) bodily injuries sustained by other persons * * *."

The policy contains the following definitions:

"DEFINITIONS—INSURING AGREEMENTS I AND II

"Insured—under coverages A, * * * the un-qualified word 'insured' includes

(1) the named insured, and

* * * * *

(4) any other person while using the owned auto-mobile, provided the operation and the actual use of such automobile are with the permission of the named insured * * *."

The provision involved in this litigation reads as follows:

"EXCLUSIONS—INSURING AGREEMENTS I AND II

"This insurance does not apply under:

* * * * *

(i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured".

This case is controlled by *Bowsher v. State Farm Fire and Casualty Company*, 244 Or 549, 551, 419 P2d 606 (1966), in which we construed the identical family-household exclusion quoted above as contained in a similar standard automobile liability policy issued by State Farm. In that case Bowsher was a passenger in his own automobile driven by one Simpson when the car was involved in a collision and Bowsher was injured. Simpson was not covered by any other insurance policy.

Bowsher contended that because of the family-household exclusion his automobile was not an insured automobile at the time of the collision and the driver

was not an insured driver, although as to the rest of the world both the automobile and the driver may have been insured. We held that as far as Bowsher was concerned, Simpson, because of the family-household exclusion, was operating an uninsured motor vehicle and that Bowsher was entitled to recover under the uninsured motorist coverage of his own policy. Since Nancy Darby had no other insurance protection she was an uninsured motorist and plaintiff could have recovered under the uninsured motorist coverage of her policy if she had not recovered $20,000 from the other tortfeasor. We found no ambiguity in the family-household exclusion in the *Bowsher* case and we find none in this case. Plaintiff is "the insured" within the meaning of the exclusion clause, and is not an "other person" within the language of Coverage A. An identical exclusion has been construed in many cases and as yet no court of last resort has found it ambiguous.[3]

The primary purpose of the family-household exclusion clause is to protect the insurer against collusive or friendly lawsuits.[4] Although the need for

[3] The exclusion was applied in the following cases involving injury to the named insured or to a member of his family and household sustained while an omnibus insured was driving the car: Tenopir v. State Farm Mutual Co., 403 F2d 533 (9th Cir 1968); Automobile Club Insurance Company v. Craig, 328 FS 988 (ED Ky 1971); Wheeler v. State Farm Mutual Automobile Insurance Co., 311 FS 724 (WD Okla 1970); New York Underwriters Ins. Co. v. Superior Court, 104 Ariz 544, 456 P2d 914 (1969); Newark Insurance Co. v. State Farm Mutual Auto Ins. Co., 164 Colo 498, 436 P2d 353 (1968); Newman v. National Indemnity Company, 245 S2d 118 (Fla App 1971); Banner Insurance Company v. Avella, 128 Ill App 2d 471, 262 NE2d 791 (1970); Hebert v. North British and Mercantile Insurance Co., 204 S2d 655 (La App 1967); Kelsay v. State Farm Mutual Automobile Ins. Co., 242 Md 528, 219 A2d 830 (1966); Fuchs v. Cheeley, 285 Minn 356, 173 NW2d 358 (1969).

[4] Automobile Club Insurance Company v. Craig, supra; Blow v. State Farm Mutual Automobile Insurance Co., 284 Ala 687, 228

·this exclusion clause is most obvious in cases where ·the insured has injured a member of his own family and household, it will also frequently be present in cases where the insured has been injured by a friend or relative, not a member of his family or household who he has permitted to drive his car. The language of the exclusion is clear and its application in such cases is reasonable and consistent with the reasons .for its inclusion in the policy. Plaintiff's argument, on the other hand, would have us ignore the plain mean- ·ing of the policy language and, in effect, transform ·her automobile liability policy into a type of accident insurance.[5]

■ Plaintiff relies almost entirely on *Cimarron In- surance Co. v. Travelers Insurance Co.*, 224 Or 57, 355 P2d 742 (1960) in which this court held that the phrase "the insured" was ambiguous as used in the "employee `exclusion" clause of an automobile insurance policy.[6] The short answer to this contention is that an ambi- guity in one exclusionary clause does not make all the exclusionary clauses of the policy ambiguous. Each separate exclusionary provision of the policy must be construed separately.

■ Employee exclusion clauses, similar to the one ·construed in *Cimarron,* have been the subject of ex- ·tensive litigation and the constructions given those clauses have not been uniform. The opinion in *Cimar-*

S2d 4 (1969); Banner Insurance Company v. Avella, supra; Orange v. State Farm Mutual Automobile Ins. Co., 443 SW2d 650 (Ky 1969).

[5] See Tenopir v. State Farm Mutual Co., supra, 403 F2d at 536; Fuchs v. Cheeley, supra, 173 NW2d at 364.

[6] The policy does not apply to an " 'injury to * * * any em- ·ployee of the insured while engaged in the employment * * * of the insured.' " 224 Or at 61.

*ron* discussed the division in the authorities in some detail and found it persuasive of the existence of an ambiguity.[7] On the other hand, the courts have been virtually unanimous in their interpretations of the family-household exclusion clause, holding that it excludes coverage for injuries to the named insured or members of his family.[8] The only exceptions to which our attention has been directed are decisions of intermediate appellate courts from New Jersey and California.[9] We do not find the reasoning of those cases persuasive. The overwhelming weight of authority supports our conclusions in *Bowsher*.

The judgment is reversed with instruction to enter a judgment for defendant in accordance with this opinion.

---

[7] The cases are collected in an Annotation in 50 ALR2d 78, 97-104, and the Later Case Service.

[8] See cases cited in note 3, supra.

[9] State Farm Mutual Automobile Insurance Co. v. Thompson, Cal.App., 102 Cal.Rptr. 97 (hearing granted July 12, 1972); State Farm Mutual Automobile Insurance Co. v. Jacober, Cal.App., 101 Cal.Rptr. 792 (hearing granted June 29, 1972); Farmers Insurance Exchange v. Frederick, 244 Cal.App.2d 776, 53 Cal.Rptr. 457 (1966); Norton v. The Concord Insurance Co., 97 N.J. Super. 98, 234 A.2d 493 (App. Div. 1967).