Argued and submitted January 29, reversed on cross-appeal and remanded
with instructions September 15, reconsideration denied October 27, 1982,
petition for review denied January 25, 1983 (294 Or 461)

# STATE FARM MUTUAL AUTOMOBILE
# INSURANCE COMPANY,
*Respondent - Cross-Appellant,*

*v.*

# WHITLOCK,
*Appellant - Cross-Respondent.*

## (No. 16-80-10716, CA A21333)
650 P2d 1042

John G. Cox, Eugene, argued the cause for appellant - cross-respondent. With him on the briefs was Hutchinson, Harrell, Cox, Teising & Anderson, P.C., Eugene.

William G. Wheatley, Eugene, argued the cause for respondent - cross-appellant. On the briefs were John E. Jaqua and Jaqua & Wheatley, P.C., Eugene.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiff State Farm (company) brought this declaratory judgment proceeding for a declaration that it was not liable under the uninsured motor vehicle provision of an automobile insurance policy issued to defendant's decedent. Both parties moved for summary judgment. The company's motion was denied; defendant's was allowed. Defendant appeals from the award of attorney fees, contending it was insufficient,[1] and the company cross-appeals from the judgment for defendant.

Decedent, Dawn Keene, was fatally injured while riding as a passenger in her own van. The van was negligently driven by John Scott. Scott had no automobile insurance in his own name but was insured as a "permissive user" under the bodily injury liability provision of decedent's policy. The liability provision of the policy contained a "family-household exclusion," excluding bodily injury liability coverage for any insured.[2] Decedent was the named insured under the policy and so could not recover under the liability provision.

The issue before us is whether the unavailability to Scott of liability coverage for decedent's injuries renders her van an "uninsured motor vehicle" under the provisions of her insurance policy. The company argues that, because decedent's van was insured under the liability coverage of the policy, it was not an "uninsured motor vehicle" under the uninsured motor vehicle provision. Therefore, it argues, decedent was not entitled to benefits under that provision. Defendant contends that decedent was entitled to the uninsured motor vehicle benefits, because the policy's exclusion of her injuries from liability coverage made the van an uninsured motor vehicle as to her.

---

[1] Because we reverse, we need not address the issue of attorney fees.

[2] The policy provided:

"THERE IS NO COVERAGE:

" * * * * *

"2. FOR ANY BODILY INJURY TO:

" * * * * *

"c. ANY *INSURED* OR ANY MEMBER OF AN *INSURED'S* FAMILY RESIDING IN THE *INSURED'S* HOUSEHOLD." (Emphasis in original.)

*Bowsher v. State Farm Fire Co.,* 244 Or 549, 419 P2d 606 (1966), presented facts substantially identical to those in this case. The Supreme Court held that, under former ORS 736.317(2),[3] the uninsured motorist provision of an insurance policy must be construed to cover the injuries received by the insured when no liability insurance coverage was available to him, because the only applicable insurance (insured's own) specifically excluded his claim. The court said:

"* * * One of the definitions [in Bowsher's policy] specifically defines his described automobile as an insured automobile. Since Bowsher was injured while riding in an 'insured' automobile, the company contends, he cannot claim coverage under a policy provision expressly written to protect him against injuries caused by operators of 'uninsured' automobiles.

"Bowsher answers the company's contention as follows: As far as his injuries are concerned, because of the exclusions of his insurance policy his automobile was not an insured automobile, and the driver was not an insured operator, notwithstanding the fact that as to the rest of the world both the automobile and the driver may have been insured.

"We hold that Bowsher and his injuries are the key to the problem. As far as Bowsher was concerned, [the driver] was operating an 'uninsured motor vehicle' within the meaning of Bowsher's policy as the policy must be construed under ORS 736.317(2).

"* * * * *

"We have been cited to no cases exactly like the one before us. We believe, however, that the proper focus of inquiry in such cases is to ascertain whether the injury for which a claim is made was covered by liability insurance, * * *. Such a focus seems more relevant than a general inquiry whether some kind of insurance covered, for some

---

[3] Former ORS 736.317(2) (repealed Or Laws 1967, ch 482, § 5) provided:

"The policy referred to in subsection (1) of this section shall provide coverage therein or supplemental thereto, under provisions approved by the State Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, trailers, or semitrailers because of bodily injury, sickness or disease, including death resulting therefrom. Coverage shall be not less than the amounts or limits prescribed for bodily injury or death for a policy meeting the requirements of ORS chapter 486."

purposes, the automobile involved in the accident, regardless of the applicability of such insurance to the injuries sustained. * * *" 244 Or at 551-53.

In reaching its decision, the court held that a *policy definition* defining Bowsher's vehicle as an "insured automobile" did not avoid uninsured motorist coverage, because

"* * * [n]othing in ORS 736.317(2) suggests an intent to treat an owner of an insurance policy differently when he is injured riding in his own automobile than when he is injured riding in another automobile." 244 Or at 552.

Defendant maintains that this court is bound by the holding in *Bowsher.* However, since *Bowsher* was decided, the legislature has repealed the statute which the Supreme Court construed in *Bowsher* and has spoken to the question addressed in the insurance policy in *Bowsher* that was not covered by former ORS 736.317. Unlike former ORS 736.317, the current statute now defines "uninsured motor vehicle" for the purposes of uninsured motorist coverage. *See Lund v. Mission Ins. Co.,* 270 Or 461, 465, 528 P2d 78 (1974).

ORS 743.792(2)(d) provides:

" 'Uninsured vehicle,' *except as provided in paragraph (e)* of this provision, means:

"(A)   A vehicle with respect to the ownership, maintenance or use of which there is no collectible automobile bodily injury liability insurance or bond, * * *." (Emphasis added.)

Under ORS 743.792(2)(e):

" 'Uninsured vehicle' does not include:

"(A)   An insured vehicle;

"* * * * *

"(F)   *A vehicle owned by* or furnished for the regular or frequent use of *the insured or any member of his household."* (Emphasis added.)

■     It is now clear that, under ORS 743.792, unlike former ORS 736.317(2), the focus is on the *vehicle* involved in the accident, not the resulting injury and claim. We therefore conclude that the holding in *Bowsher v. State*

*Farm Fire Co., supra,* is no longer controlling.[4] As the Supreme Court pointed in *Lund v. Mission Ins. Co., supra:*

> "A plain reading of the statute shows that the protection afforded under ORS 743.792 is limited to certain risks, *viz.,* where a tort-feasor does not have insurance meeting the requirements of ORS chapter 486 *[the financial responsibility law],* where the tort-feasor has such insurance but the carrier denies liability or becomes insolvent, or where neither insured nor insurer is able to determine the existence of a valid insurance policy applicable at the time of the accident.
>
> "We conclude that the proper perspective intended by the legislature is that which directs our inquiry toward the tort-feasor 'at the time of the accident,' as provided in ORS 743.792(2)(d)(A), to determine whether the tort-feasor did or did not own[5] *a policy of insurance which complied with the financial responsibility laws at the time of the accident.* * * *" 270 Or at 467.

ORS 743.792(2)(e) clearly authorizes an insurer to exclude from uninsured motorist coverage an insured who occupies a vehicle as to which the insured has procured liability insurance satisfying the financial responsibility law.

The remaining question is whether the company's policy provided coverage broader than that required by statute and whether, under the policy as written, decedent's van qualified as an uninsured vehicle. ORS 743.792.[6]

The uninsured motor vehicle provision of the policy provided: "We will pay damages for bodily injury an

---

[4] The Supreme Court has cited *Bowsher v. State Farm Fire Co.,* 244 Or 549, 419 P2d 606 (1966), in two cases decided since the enactment of ORS 743.792. *Lee v. State Farm Auto Insurance,* 265 Or 1, 507 P2d 6 (1973); *Lund v. Mission Ins. Co.,* 270 Or 461, 528 P2d 78 (1974). *Lee* reaffirmed the holding in *Bowsher,* insofar as *Bowsher* held the family household exclusion was unambiguous. That is not in issue here. *Lee* did not discuss the effect of the current statute on the ultimate issue in *Bowsher, i.e.,* whether, because the family household exclusion applied to plaintiff, the vehicle was uninsured. *Lund* notes that the statutory amendment shifts the emphasis from whether there is insurance applicable to the victim to whether, at the time of the accident, the tortfeasor had insurance available to him complying with the financial responsibility law.

[5] We would add "have available."

[6] ORS 743.792 provides, in pertinent part:

"Every policy required to provide the coverage specified in ORS 743.789 shall provide uninsured motorist coverage which in each instance is no less favorable in any respect to the insured or the beneficiary in the policy. * * *"

insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle." The policy defined an uninsured motor vehicle as: "a land motor vehicle * * * which is not insured or bonded for bodily injury liability at the time of the accident." It also provided:

"An *uninsured motor vehicle* does not include a land motor vehicle:

"1. insured under the liability coverage of this policy; * * *." (Emphasis in original.)

As noted above, ORS 743.792(2)(e) allows exclusion of an "insured vehicle" from the definition of uninsured vehicles. Under ORS 743.792(2)(b)(A), an insured vehicle is: "[t]he vehicle described in the policy * * * insured under the public liability provisions of the policy."

Defendant urges that these provisions should be read to exclude only vehicles insured under liability provisions the benefits of which are available to the injured insured. However, as we have said, under the current statutory scheme, we find no basis for this construction. It is clear that the policy excludes any vehicle covered by its liability provision, and this exclusion is permitted by statute. Decedent's van was an insured vehicle under the liability provision of the policy, complying with the financial responsibility law, and uninsured motorist coverage was properly excluded as to that vehicle.

■ The judgment of the trial court is reversed on plaintiff's cross-appeal and remanded with instructions to enter judgment for plaintiff.[7]

---

[7] Although a party cannot appeal from the denial of a motion for summary judgment and plaintiff here did not, where cross-motions for summary judgment are made and on the undisputed facts one party must prevail as a matter of law, a trial is unnecessary. In that circumstance, nothing precludes us from directing the entry of the appropriate judgment. *Cochran v. Connell,* 53 Or App 933, 938-40, 632 P2d 1385, *rev den* 292 Or 109 (1982).