Argued and submitted March 12, reversed and
remanded with instructions June 27, reconsideration denied August 17,
petition for review denied November 6, 1984 (298 Or 172)

## DOWDY,
*Appellant,*

*v.*

## ALLSTATE INSURANCE COMPANY,
*Respondent.*

(16-83-00596; CA A29401)

685 P2d 444

710

Robert L. Ackerman, Springfield, argued the cause for appellant. With him on the briefs was Ackerman, DeWenter & Huntsberger, Springfield.

Frank E. Bocci, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from a judgment for the defendant automobile liability insurer in this action to recover on an underlying judgment against defendant's insured. Plaintiff assigns error to the granting of defendant's and the denial of her own motion for summary judgment. We reverse.

The insured is plaintiff's sister. Plaintiff was injured in a motor vehicle accident that resulted from the insured's negligence. At the time of the accident, plaintiff and the insured resided in the same household. Defendant contends that plaintiff is barred from recovery by the family exclusion clause of defendant's policy. That clause provides, as material, that the policy's liability coverage does not insure against bodily injury to a person who is related to the insured and who resides in the insured's household. The policy was issued pursuant to the Financial Responsibility Law, ORS chapter 486, and it provides that its liability coverage

"* * * will comply to the extent * * * and limits required by the law. This liability coverage is in accordance with the coverage defined in, and subject to the provisions of [ORS chapter 486]."

See ORS 486.551, 486.011(11).

Plaintiff argues that the family exclusion clause, as applied to these facts, violates the Financial Responsibility Law and is therefore unenforceable.[1] Her principal point is that ORS 486.546 specifies the risks against which the "liability insurance policy required by [ORS chapter 486] need not insure" and that liability to resident relatives of the insured is not among the excludable risks enumerated in that section.[2]

---

[1] She argues alternatively that the policy's family exclusion clause is inconsistent with its provision that its liability coverage will comply with the requirements of ORS chapter 486 and that an ambiguity therefore exists that should be resolved against the insurer. We find the two arguments to be indistinguishable. Both turn on whether ORS chapter 486 requires defendant's policy to provide liability benefits to resident relatives of the insured.

[2] ORS 486.546 provides:

"The motor vehicle liability insurance policy required by this chapter need not insure any liability under any workers' compensation law; nor any liability on account of bodily injury to or death of an employe of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of a vehicle; nor any liability for damage to property owned by, rented to, in charge of, or transported by the insured."

Defendant responds:

> "Plaintiff apparently maintains that ORS 486.546, as to liabilities not covered, is mandatory instead of permissive. The language of the statute, i.e. 'need not insure worker's compensation law, etc. *[sic]* * * *' is clearly permissive. If the legislature had intended that policies could only exclude, as opposed to need not, it would, and could have, clearly said so."

Defendant also argues that the Supreme Court in *Lee v. State Farm Auto Ins.,* 265 Or 1, 507 P2d 6 (1973), and this court in *State Farm v. Baughman,* 57 Or App 576, 646 P2d 102 (1982),

> "* * * determined that the family exclusion clause is valid and enforceable, and that its application, as in the case at bar, is reasonable and consistent with the reasons for its inclusion in the policy."

As far as we or the parties can find, the specific question defendant raises is one of first impression in Oregon. The appellate courts have dealt with the related question of whether an insured who is injured while a passenger in his own vehicle by the negligence of an uninsured permissive driver and who is subject to a family exclusion in his policy's *liability* coverage is entitled to recover under the policy's *uninsured motorist* coverage. In *Bowsher v. State Farm Fire Co.,* 244 Or 549, 419 P2d 606 (1966), the Supreme Court answered that question affirmatively. However, we later reached the opposite conclusion in *State Farm Mut. Ins. v. Whitlock,* 59 Or App 303, 650 P2d 1042 (1982), *rev den* 294 Or 461 (1983). The facts there were materially identical to those in *Bowsher,* but we explained:

> "In reaching its decision [in *Bowsher*], the court held that a *policy definition* defining Bowsher's vehicle as an 'insured automobile' did not avoid uninsured motorist coverage, because
>
> > " '* * * [n]othing in ORS 736.317(2) suggests an intent to treat an owner of an insurance policy differently when he is injured riding in his own automobile than when he is injured riding in another automobile.' 244 Or at 552.

> "Defendant maintains that this court is bound by the holding in *Bowsher*. However, since *Bowsher* was decided, the legislature has repealed the statute which the Supreme Court construed in *Bowsher* and has spoken to the question addressed in the insurance policy in *Bowsher* that was not covered by former ORS 736.317. Unlike former ORS 736.317,

the current statute now defines 'uninsured motor vehicle' for the purposes of uninsured motorist coverage. * * *

"* * * * *

"It is now clear that, under ORS 743.792, unlike former ORS 736.317(2), the focus is on the *vehicle* involved in the accident, not the resulting injury and claim. We therefore conclude that the holding in *Bowsher v. State Farm Fire Co.,* *supra,* is no longer controlling. * * *

" * * * * *

"ORS 743.792(2)(e) clearly authorizes an insurer to exclude from uninsured motorist coverage an insured who occupies a vehicle as to which the insured has procured liability insurance satisfying the financial responsibility law." 59 Or App at 307-08.[3] (Footnote omitted; emphasis in original.)

As noted, the question plaintiff raises is not whether she is entitled to uninsured motorist coverage because she is excluded from liability coverage, but whether the Financial Responsibility Law *permits* defendant to exclude her from liability coverage. Nevertheless, the threshold issue is whether *Whitlock* answers the second question as well as the first. The Financial Responsiblility Law and the uninsured motorist statutes are interrelated: The latter require automobile liability insurers to offer insureds coverage for injuries they sustain as a result of the negligence of motorists who do not have liability insurance that satisfies the Financial Responsibility Law. *See* ORS 743.786(1), 743.792(2)(d)(A); *Lund v. Mission Ins. Co.,* 270 Or 461, 467, 528 P2d 78 (1974). We reasoned in *Whitlock* that, notwithstanding the facts that the permissive user of the insured's car had no liability insurance of his own and that liability coverage under the owner's own

---

[3] We noted in *Whitlock:*

"The Supreme Court has cited *Bowsher v. State Farm Fire Co.,* 244 Or 549, 419 P2d 606 (1966), in two cases decided since the enactment of ORS 743.792. *Lee v. State Farm Auto Insurance,* 265 Or 1, 507 P2d 6 (1973); *Lund v. Mission Ins. Co.,* 270 Or 461, 528 P2d 78 (1974). *Lee* reaffirmed the holding in *Bowsher,* insofar as *Bowsher* held the family household exclusion was unambiguous. That is not in issue here. *Lee* did not discuss the effect of the current statute on the ultimate issue in *Bowsher, i.e.,* whether, because the family household exclusion applied to plaintiff, the vehicle was uninsured. * * *" 59 Or App at 308, n 4.

Because we conclude that *Whitlock* is not controlling here, it is unnecessary for us to consider at this time whether *Whitlock's* announcement of *Bowsher's* death as authority was premature.

policy was unavailable because of the family-household exclusion, the insured's survivor had no recourse to the uninsured motorist provisions of her policy, because ORS 743.792(2)(e) permits insurers to exclude uninsured motorist coverage of "an insured who occupies a vehicle as to which the insured has procured liability insurance satisfying the financial responsibility law." 59 Or App at 308.

■ There is no doubt that, in the light of *Whitlock,* plaintiff's sister could not have recovered either liability or uninsured motorist coverage under the policy if plaintiff had been the driver and the sister had been the injured passenger. *Whitlock* holds expressly that an insured is not statutorily entitled to uninsured motorist coverage under such circumstances,[4] and it says implicitly that the exclusion of the insured from liability coverage does not mean that the insured has not "procured liability insurance satisfying the financial responsibility law."[5] However, it does not follow from our reasoning in *Whitlock* that a policy satisfies the Financial Responsibility Law if it excludes relatives of the insured as well as the insured from liability coverage. The purpose of the law is to assure that vehicle owners and drivers have "the ability to respond in damages *for liability,*" ORS 486.011(7) (emphasis supplied), arising from their ownership or operation of vehicles. The exclusion of the insured from coverage is

---

[4] Insurers and insureds may of course contract for coverage that exceeds the statutory requirement, but the policies here and in *Whitlock* did not do so in any relevant respect. We note that, unlike the provision in *Whitlock,* the family exclusion clause here does not refer to the insured as well as to resident relatives of the insured. However, the insuring provision of the policy's liability part relates only to "damages a person insured is legally obligated to pay—because of bodily injury or property damages * * *." We assume, solely for purposes of discussion, that that provision would not apply to injuries sustained by the insured.

[5] The "persons insured" under the liability provisions of defendant's policy include:

"(1) While using [the insured vehicle]:

"(a) You [defined as the 'policyholder named on the declarations page and the policyholder's resident spouse'], [and]

"(b) Any resident * * *."

"Resident" or "reside" is defined as meaning, *inter alia,* "physical presence in your household with the intention to continue living there."

We need not consider whether plaintiff is an insured under the policy in the sense that her sister is, because defendant does not make that argument and does not argue that she is barred from recovery by anything other than the policy provision excluding coverage for relatives who reside with an insured.

not inconsistent with that purpose, because the insured can establish financial responsibility without demonstrating an ability to respond in damages to herself; the same is not logically or necessarily true of the exclusion of relatives of the insured to whom the insured can—and in this case did—become liable.

■　　　We recognize that that distinction can give rise to anomalies. For example, if plaintiff and her sister were co-owners of the car and were the named insureds in the policy, *Whitlock* would clearly permit the insurer to preclude plaintiff's recovery under the policy's liability provisions. However, anomalies are not novelties in insurance law. Fortuities of various kinds can affect coverage. For example, if plaintiff had moved out of her sister's home the day before the accident, the family exclusion clause would have no arguable bearing on defendant's responsibility. We decline to extend our reasoning in *Whitlock* from exclusions of insureds to exclusions of family members, and we therefore conclude that *Whitlock* does not answer the question plaintiff raises.

■　　　As noted above, plaintiff's principal point is that injuries to family members are not among the risks that ORS 486.546 says the liability insurance required by the Financial Responsibility Law "need not insure." *See* n 2, *supra.* Defendant's arguments, which were also described above, are unpersuasive. Defendant interprets ORS 486.546 as being "permissive," *i.e.,* that the words "need not insure" do not mean the same thing as "must insure everything but." The distinction is spurious. In the context of ORS 486.546, it is obvious that the words "need not insure" are meant to differentiate between the risks the statute enumerates and risks that policies required by the law *do* need to insure.

　　　*Lee v. State Farm Auto Ins., supra,* and *State Farm v. Baughman, supra,* on which defendant relies, are not in point. The only relevant similarity those cases have to this one is that they involved family exclusion clauses. Neither *Lee* nor *Baughman* addressed any issue related to the issue here, and neither case says anything that provides guidance for our disposition of the issue.

■　　　Although plaintiff demonstrates that the Financial Responsibility Law provides no authority for the *exclusion* of family coverage, she does not identify what in the law requires

that family members be *included* in the coverage. There is nothing in the Financial Responsibility Law that is as specific as ORS 743.800, which includes "members of [the insured's] family residing in the same household" among the persons who must be afforded PIP coverage under motor vehicle liability policies issued for delivery in Oregon.[6] However, the legislature does not have to and seldom does, particularize every subcategory of a generally defined class to which a statute is intended to apply.

ORS 486.011(7) provides:

" 'Future responsibility' or 'financial responsiblity' means the ability to respond in damages for liability, on account of accidents arising out of the ownership, operation, maintenance or use of a motor vehicle in the following amount:

"(a)   $25,000 because of bodily injury to or death of one person in any one accident;

"(b)   Subject to that limit for one person, $50,000 because of bodily injury to or death of two or more persons in any one accident; and

"(c)   $10,000 because of injury to or destruction of the property of others in any one accident."

Relatives residing with owners and drivers of cars are "persons." Nothing in ORS 486.011(7)[7] or elsewhere in ORS chapter 486 provides a basis for distinguishing between "persons" who are related to the negligent drivers who cause their injuries and persons who are not relatives.

■      The Financial Responsibility Law is based on a "governmental policy in favor of protecting the innocent victims of vehicular accidents." *State Farm Ins. v. Farmers*

---

[6] We said in dictum in *State Farm v. Baughman, supra,* 57 Or App at 581-82, that "[t]he language of [ORS 743.800 and 743.805] indicates that the legislators were aware of the family exclusion provision and chose to regulate it only to a limited extent." As noted, the issue in *Baughman* was wholly dissimilar to the issue in this case, and we do not understand the quoted dictum to suggest that the legislature cannot have intended to require coverage of family members through statutes, other than the PIP statutes, that are less express than ORS 743.800 in stating the requirement. We note, too, that the purposes of Financial Responsiblity Law insurance and PIP coverage are different.

[7] In *Snyder v. Nelson/Leatherby Ins.,* 278 Or 409, 414, 564 P2d 681 (1977), the court looked to ORS 486.011(7) "for an indication of legislative intent" as to whether policies issued pursuant to the Financial Responsibility Law are required to insure against intentionally inflicted injuries. On the basis of the words "on account of accidents" in the subsection, the court concluded that there is no such requirement.

*Ins. Exch.,* 238 Or 285, 293, 387 P2d 825, 393 P2d 768 (1964). Neither that policy nor the language of the law are consistent with defendant's exclusion of plaintiff from its liability coverage under these facts, and the policy therefore "automatically provide[s] such coverage, regardless of its terms." *Snyder v. Nelson/Leatherby Ins.,* 278 Or 409, 414, 564 P2d 681 (1977). The trial court erred by allowing defendant's motion for summary judgment and by denying plaintiff's.

Reversed and remanded with instructions to enter judgment for plaintiff.[8]

---

[8] The case was decided in the trial court on cross-motions for summary judgment, and neither party argues that there are factual issues. *See Cochran v. Connell,* 53 Or App 933, 632 P2d 1385, *rev den* 292 Or 109 (1981).