Argued and submitted May 7, 1987, at Pendleton, Oregon, affirmed July 29, reconsideration denied September 25, petition for review allowed November 17, 1987
(304 Or 405)

STATE FARM FIRE AND CASUALTY COMPANY,
*Respondent,*

*v.*

JONES,
*Appellant.*

(CV-85-959; CA A38727)

739 P2d 1090

Robert J. Vanden Bos and Ann K. McNamara, Portland, filed the briefs for appellant.

W. Eugene Hallman, Pendleton, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Richardson and Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiff insurer in this declaratory judgment action contends that its automobile liability policy does not cover personal injuries sustained by the named insured, Jones, in an accident which occurred while she was a passenger in her own vehicle. The driver, Frank, was operating the automobile with Jones's permission. He has no liability insurance of his own. The court granted plaintiff's motion for summary judgment.[1] Defendant appeals from the resulting judgment, and we affirm.

The policy excludes liablity coverage for bodily injury to "any insured or any member of an insured's family residing in the insured's household," *i.e.,* damages will not be paid to any person who is insured for liability. Defendant's principal argument is that that exclusion, as applied to her, violates the Financial Responsibility Law. ORS 743.776 *et seq;* ORS chapter 806. She relies, *inter alia,* on *Dowdy v. Allstate Insurance Co.,* 68 Or App 709, 685 P2d 444, *rev den* 298 Or 172 (1984), where we held that the Financial Responsibility Law did not permit the exclusion of the plaintiff from liability coverage under a "family-household exclusion" similar to the one in this case. The plaintiff in *Dowdy* was the sister of the insured and resided in the insured's household. She was injured in an accident while she was a passenger in the insured's vehicle, which the latter was driving.

Defendant's reliance on *Dowdy* is misplaced. In *State Farm Mut. Ins. v. Whitlock,* 59 Or App 303, 650 P2d 1042 (1982), *rev den* 294 Or 461 (1983), we held that, under facts materially identical to those here, the injury to the insured was not covered under the uninsured motorist provisions of her policy. In *Dowdy,* we distinguished and explained *Whitlock:*

"We reasoned in *Whitlock* that, notwithstanding the facts that the permissive user of the insured's car had no liability insurance of his own and that liability coverage under the owner's own policy was unavailable because of the family-household exclusion, the insured's survivor had no recourse to the uninsured motorist provisions of her policy, because ORS

---

[1] The court entered an order of default against Frank and, in its final judgment, declared that plaintiff had no duty to defend or indemnify him as well as no direct obligation to make payments to Jones. Frank is not a party to this appeal. The term "defendant" in the remainder of this opinion refers to Jones.

743.792(2)(e) permits insurers to exclude uninsured motorist coverage of 'an insured who occupies a vehicle as to which the insured has procured liability insurance satisfying the financial responsibility law.' 59 Or App at 308.

> *"There is no doubt that, in the light of Whitlock, plaintiff's sister could not have recovered either liablity or uninsured motorist coverage under the policy if plaintiff had been the driver and the sister had been the injured passenger.* Whitlock holds expressly that an insured is not statutorily entitled to uninsured motorist coverage under such circumstances, and it says implicitly that the exclusion of the insured from liability coverage does not mean that the insured has not 'procured liability insurance satisfying the financial responsibility law.' However, it does not follow from our reasoning in *Whitlock* that a policy satisfies the Financial Responsibility Law if it excludes relatives of the insured as well as the insured from liability coverage. The purpose of the law is to assure that vehicle owners and drivers have 'the ability to respond in damages *for liability,*' ORS 486.011(7) (emphasis supplied), arising from their ownership or operation of vehicles. The exclusion of the insured from coverage is not inconsistent with that purpose, because the insured can establish financial responsibility without demonstrating an ability to respond in damages to herself; the same is not logically or necessarily true of the exclusion of relatives of the insured to whom the insured can—and in this case did—become liable." 68 Or App at 713-15. (Footnotes omitted; emphasis supplied.)[2]

■■ Defendant here is in the same position as the plaintiff's sister would have been in *Dowdy* if she had been the injured passenger. As we indicated in *Dowdy* it does not offend the Financial Responsibility Law for an automobile owner's or licensed driver's *liability* insurance to exclude liability coverage for injuries to the insured herself. We conclude that plaintiff's exclusion is not invalid as it applies to a named insured who is a passenger of a driver who is not a named insured and who is operating the named insured's vehicle with her permission.[3]

---

[2] At the times relevant to our earlier decisions, the provisions comprising the Financial Responsibility Law were codified in ORS chapter 486. They have since been recodified in ORS chapters 743 and 806 and, in some instances, have been amended. The recodifications and amendments do not affect the continuing validity of our prior decisions and do not after the way in which the statutes apply to the issues here.

[3] We have considered plaintiff's argument that *Lee v. State Farm Auto Ins.*, 265 Or 1, 507 P2d 6 (1973), is controlling. We do not agree. Although the facts there were

■ Defendant argues alternatively that plaintiff's policy covers her, because it contains an ambiguity which should be resolved in favor of coverage. Defendant reasons that Frank was defined as an "insured" while driving the car with defendant's permission and, as such, the injuries that he caused to defendant come within the policy's provision for coverage of "[b]odily injuries to others" caused by an insured. Therefore, according to defendant, the provision which excludes coverage for her injuries creates an ambiguity when it is read together with the coverage provision. We disagree. The fact that an insurance policy both provides coverage and excludes coverage under specified circumstances does not make the policy ambiguous. Exclusions are intended to be unambiguous exceptions to the operation of coverage provisions, and the exclusion here succeeds in expressing that intent.

Affirmed.

---

essentially identical to those here, the issue in *Lee* was whether, as a matter of contractual interpretation, the insurer's family exclusion clause applied to the injured insured. Conversely, defendant's argument here assumes that the exclusion does apply to her by its terms; her contention is that that application of the exclusion is contrary to the statute.