Argued and submitted January 19, decisions of the trial court and Court of Appeals reversed and remanded to the trial court August 16, 1988

# STATE FARM
# FIRE AND CASUALTY COMPANY,
*Respondent on Review,*

*v.*

# JONES,
*Petitioner on Review.*

(TC No. CV-85-959; CA A38727; SC S34407)

759 P2d 271

Robert J. Vanden Bos, Portland, argued the cause and filed a memorandum of additional authorities for petitioner on review. With him on the petition for review was Ann K. McNamara, Portland.

W. Eugene Hallman, Pendleton, argued the cause for respondent on review. With him on the response and memorandum of additional authorities were Joel DeVore, and Mautz, Hallman & DeVore, Pendleton.

CARSON, J.

## CARSON, J.

Plaintiff insurer began this declaratory judgment proceeding to determine its liability under an automobile liability policy issued to defendant insured. Plaintiff contends that the policy does not cover the bodily injuries sustained by defendant.

Defendant sustained the bodily injuries while riding as a passenger in her automobile. The driver, Frank, was operating the automobile with defendant's permission. Defendant brought a negligence action against Frank. Plaintiff then brought this separate action for a declaration that "pursuant to the contract of insurance [issued to defendant] the plaintiff has no duty to defendant or [sic] pay * * * for bodily injury to [defendant]." Plaintiff moved for summary judgment, which the trial court granted.[1] The Court of Appeals affirmed. *State Farm Fire and Casualty Co. v. Jones,* 86 Or 584, 739 P2d 1090 (1987). We reverse.

The automobile liability policy at issue excludes liability coverage for bodily injury to, among others, "any insured." Under the terms of the policy, plaintiff argues that it neither has the duty to defend Frank nor the obligation to pay a judgment awarded defendant against Frank for bodily injury. As a matter of contract, the policy speaks unambiguously and excludes defendant from coverage for bodily injuries sustained. *See State Farm Fire and Casualty Co. v. Jones, supra,* 86 Or App at 588; *see also Lee v. State Farm Auto. Ins.,* 265 Or 1, 507 P2d 6 (1973). Were that the issue before us, defendant could not prevail.

Defendant, however, argues that the exclusion violates the Financial Responsibility Law (FRL).[2] According to defendant, the purpose of the FRL is to assure that automobile drivers can respond in damages for liability. She argues that her automobile liability policy violates the FRL if construed to deny Frank, a permissive user and thus an insured under the policy, the ability to respond in damages for liability. If defendant is correct and the policy does violate the

---

[1] The trial court entered an order of default against Frank and declared in the judgment that plaintiff has no duty to defend Frank or to indemnify him for damages claimed by defendant. Frank is not a party on review.

[2] ORS 743.776 *et seq* and chapter 806.

FRL, the policy must be construed to include whatever coverage is mandated by statute. *Hartford Acc. and Indem. v. Kaiser,* 242 Or 123, 126, 407 P2d 899 (1965).[3]

As defendant correctly suggests, state financial responsibility laws generally are designed to ensure that motor vehicle drivers can respond in damages for liability. Such laws, above all, seek to ensure that motor vehicle accident victims are compensated for injuries received. M.G. Woodroof, J.R. Fonseca, & A.M. Squillante, *Automobile Insurance & No-Fault Law* 74-75 (1974). *See State Farm Ins. v. Farmers Ins. Exch.,* 238 Or 285, 292-93, 387 P2d 825, 393 P2d 768 (1964). But the general purpose expressed by such laws does not address the particular question presented here: Whether an automobile liability policy may exclude an insured from liability coverage where a permissive user injures the insured while driving the insured's automobile? To answer that question, we must look to the Oregon statutory scheme concerning financial responsibility requirements for motor vehicle drivers.

Oregon requires that motor vehicle drivers either obtain motor vehicle liability insurance or otherwise comply with financial responsibility requirements. ORS 806.010(1) (*former* 486.075 (1981)). The phrase "financial responsibility requirements" is defined as "the ability to respond in damages for liability" for accidents arising from the ownership, operation, or maintenance of a motor vehicle. ORS 801.280 (*see former* 486.011(7) (1981)). In addition to obtaining liability insurance, financial responsibility may be satisfied by maintaining a bond, making a deposit, or becoming self-insured. ORS 806.060. When an insurance policy is obtained to comply with financial responsibility requirements, however, the policy must insure "the named insured *and all other persons insured under the terms of the policy* against loss from the liabilities imposed by law." (Emphasis added.) ORS

---

[3] As required by ORS 743.776 (*former* 486.541 (1981)), the insurance policy issued to defendant contains the required statement that it is subject to statute. Specifically, the policy states that "[i]f any terms of this policy are in conflict with the statutes of Oregon, they are amended to conform to these statutes."

We also note that throughout this opinion we will cite to the statutory counterparts of present-day statutes that were in effect at the time of defendant's accident. At that time (1982), the Financial Responsibility Law was codified in ORS chapter 486.

806.080(1) (*see former* 486.011(11) (1981)). Not all liabilities need be insured; ORS 743.778 (*former* 486.546 (1981)) allows insurers to exclude from liability coverage, *inter alia,* "damage to *property* owned by, rented to, in charge of, or transported by the insured." (Emphasis added.)

In construing these and other statutes comprising the FRL, this court and the Court of Appeals[4] have addressed issues analogous to the one presented here. In *Bowsher v. State Farm Fire Co.,* 244 Or 549, 551-53, 419 P2d 606 (1966), the question was whether an insured who was injured by an uninsured permissive user of the insured's vehicle could recover under the "uninsured automobile" provisions of the insured's insurance policy. This court concluded that the insured could. Sixteen years later, the Court of Appeals concluded that the insured could not, relying upon an intervening change in statutory law. *State Farm Mut. Ins. v. Whitlock,* 59 Or App 303, 307-09, 650 P2d 1042 (1982). Although the question was not presented, *Whitlock* apparently assumed that an exclusion of the insured from liability coverage for bodily injury does not violate the FRL. *See State Farm Mut. Ins. v. Whitlock, supra,* 59 Or App at 308; *Dowdy v. Allstate Insurance Co.,* 68 Or App 709, 714, 685 P2d 444 (1984).

More pertinently for our analysis, this court decided in *Lee v. State Farm Auto Ins., supra,* that an injured insured was properly excluded from liability coverage under her policy. In *Lee,* the insured was injured, as here, while riding as a passenger in her own automobile, which was being driven by another with the insured's permission. The insurance company argued that a family-household exclusion clause applied to the insured, and this court agreed. *Lee v. State Farm Auto. Ins., supra,* 265 Or at 7. We do not understand *Lee,* however, to address the issue raised by the parties in this case because *Lee* solely concerned the correct *construction* of the insurance *contract. Id.* at 3; *see also State Farm Fire and Casualty Co. v. Jones, supra,* 86 Or App at 587 n 3. It did not address whether the FRL mandates that coverage for bodily injury be provided to an insured.

---

[4] Our ensuing discussion of caselaw from the Court of Appeals should not be taken to imply approval or disapproval of the reasoning or specific conclusions reached in those cases.

The Court of Appeals in *Dowdy v. Allstate Insurance Co., supra,* however, did address a question closely analogous to the one before us. In *Dowdy,* the plaintiff and the insured were sisters and both resided in the insured's home. At the time of the automobile accident giving rise to the claim, the insured was driving and the plaintiff was her passenger. The plaintiff sought to recover on the underlying judgment against the insured. The insurance company argued that the plaintiff was barred from recovery by the family exclusion clause of the insurance policy, which excluded coverage for bodily injury to a relative residing in the insured's household.

In addressing this question, the Court of Appeals noted that "[t]he purpose of the [FRL] is to assure that vehicle owners and drivers have 'the ability to respond in damages *for liability'* * * * arising from their ownership or operation of vehicles." *Dowdy v. Allstate Insurance Co., supra,* 68 Or App at 714. (Emphasis in original.) (Citation omitted.) Exclusion of the insured from coverage "is not inconsistent with that purpose, because the insured can establish financial responsibility without demonstrating an ability to respond in damages to herself." *Id.* at 714-15. According to the Court of Appeals, however, the same could not be said of excluding coverage for relatives of the insured to whom the insured becomes liable; they required coverage if the policy was to comply with the FRL. *Id.* at 715-17.

This conclusion rested, in part, upon an interpretation of ORS 743.778 (*former* ORS 486.546), which purports to allow exclusion for certain types of liability. *See* 306 Or at 419. The *Dowdy* court concluded that risks not enumerated by this statute must be covered by an insurance liability policy. *Dowdy v. Allstate Insurance Co., supra,* 68 Or App at 715. ORS 743.778 does not list liability coverage for bodily injury as one of the risks that an insurance policy "need not insure." It does list damage to the insured's *property,* which is some evidence that the legislature considered injury to person and included such injury within the mandated liability coverage. Liability coverage for bodily injury to an insured that is occasioned by a permissive user of an insured's automobile would thus seem to be among the risks that *do* need to be insured.

Another reason compels the conclusion, however, that such coverage must be provided for a policy to comply

with the FRL. As was stated, ORS 806.080(1) mandates insuring "the named insured *and all other persons insured under the terms of the policy* against loss from the liabilities imposed by law." (Emphasis added.) This clear statement, in the circumstances of this case, requires liability coverage for permissive users. Under the terms of the policy issued to defendant, Frank was a person "insured under the terms of the policy"; the policy states that an "insured" includes "any other *person* while using such a *car* if its use is within the scope of consent." (Emphasis in original.) Frank was such a person, and the insurance policy is required by ORS 806.080(1) to provide liability coverage to defendant for bodily injuries sustained.[5]

The decisions of the trial court and the Court of Appeals are reversed. The case is remanded to the trial court for proceedings consistent with this opinion.

---

[5] The Michigan court in *State Farm Mut. Auto. Ins. Co. v. Sivey,* 404 Mich 51, 272 NW2d 555 (1978), using substantially the same analysis as we have, came to the same conclusion in construing statutes similar to ORS 743.778 and 806.080(1).

We note that plaintiff reasserts its motion to dismiss for lack of jurisdiction, contending that the appeal was not taken from a final judgment. The notice of appeal apparently was mailed by certified mail before February 4, 1986, the day that judgment was entered, and received by and filed with the Court of Appeals on that date. Proof of date of mailing of the notice of appeal was not filed. The notice indicated that the appeal was taken from the judgment, but gave the wrong date for the judgment and appended a document that is not an appealable order. Under these circumstances, we agree with the Court of Appeals that the date of filing for the notice effectively is February 4, 1986. ORS 19.028. We also agree that the notice sufficiently indicates that the appeal is taken from a final judgment. *See Werline v. Webber,* 54 Or App 415, 635 P2d 15 (1981).

We also note that the limit of liability for each person's bodily injury under defendant's policy apparently amounts to $50,000. This exceeds that required by statute at the time of defendant's injury. *Former* ORS 486.011(7)(a) (1981) ($15,000 for bodily injury to or death of one person). We do not express an opinion as to the extent of plaintiff's liability to defendant or the driver on this score. *But cf. Hartford Acc. and Indem. v. Kaiser,* 242 Or 123, 407 P2d 899 (1965).