# OREGON AUTOMOBILE INSURANCE COMPANY
## et al, *Appellants,*
### *v.*
## THORBECK et al, *Respondents.*
### (No. 97804, SC 25552)
583 P2d 543

Thomas S. Moore, of Morrison, Dunn, Cohen, Miller & Carney, Portland, argued the cause and filed a brief for appellants.

A. B. Cummins, Jr., of Rhoten, Rhoten & Speerstra, Salem, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and Holman, Howell, Bryson, Lent, and Linde, Justices.

HOLMAN, J.

## HOLMAN, J.

This is an action by an insurance company seeking a declaratory judgment as to its potential exposure from a policy of automobile liability insurance issued under the Financial Responsibility Law (the Law) to an insured subsequently involved in an automobile accident.

■ The company issued the policy to the insured in the amount of $100,000. A financial responsibility filing was made with the Motor Vehicles Division of the Department of Transportation (the Division), as required by ORS 486.411. The insured subsequently failed to make the premium payments, and the policy was cancelled effective August 31, 1975, by notice to the insured in accordance with the policy terms. The company failed, however, to file a financial responsibility notice of cancellation with the Division, as required by ORS 486.506(2). The insured was involved in an accident on October 9, 1975. At that time ORS 486.011(7)(a) required that financial responsibility be demonstrated in the amount of $10,000. The issue in this case is whether, given the failure to file the notice of cancellation, the limit of the company's responsibility is $10,000, the amount required by the Law, or $100,000, the original amount of the policy. The company appeals from a judgment of the trial court that the limit of the company's liability is $100,000.

ORS 486.506(2) provides:

"* * * * *.

"(2) The policy of insurance for which the certificate is given shall not be canceled or terminated except upon the giving of 10 days' prior written notice to the division.

"* * * * *."

ORS 486.541 provides:

"(1) Every motor vehicle liability insurance policy issued for delivery in this state shall state the name and address of the named insured, *the coverage afforded* by the policy, the premium charged therefor, the policy period, and *the limits of liability,* and shall contain an

[ 273 ]

agreement or indorsement which provides that the insurance is provided thereunder in accordance with the coverage defined in this chapter as respects bodily injury and death or property damage, or both, and is subject to all the provisions of this chapter.

"(2) Every motor vehicle liability insurance policy issued for delivery in this state shall provide liability coverage to at least the limits specified in subsection (7) of ORS 486.011." (Emphasis added.)

ORS 486.566, on which this case turns, provides:

"Any policy which grants the coverage required for a motor vehicle liability insurance policy under this chapter *may also grant any lawful coverage in excess of or in addition to the required coverage, and such excess or additional coverage shall not be subject to the provisions of this chapter. With respect to a policy which grants such excess or additional coverage the term 'motor vehicle liability insurance policy' shall apply only to that part of the coverage which is required by this chapter.* The requirements for a motor vehicle liability insurance policy may be fulfilled by the policies of one or more insurance carriers which policies together meet such requirements." (Emphasis added.)

The company contends that ORS 486.566 exempts it from responsibility under the policy except for the amount of $10,000 required by the Law. Defendants, on the other hand, contend that ORS 486.566 has nothing to do with the issue of policy "limits" but by its terms has only to do with the separate issue of policy "coverage." They argue that "coverage" refers only to the risks insured against while "limits of liability" refers to the monetary amount of insurance. To show that the legislature distinguished between the two, they point to ORS 486.541, which separately mentions "the coverage afforded" and "the limits of liability."

■ To decide this case it is our duty to divine the legislature's intent in using the word "coverage" in ORS 486.566. No cases cited by the parties or found by the court are of help to us because none involves a statute with similar wording. In common usage "coverage" is frequently employed in a general way to

include both the risks insured against and the monetary amount of insurance, as in the question, "How much is your coverage?" Being mindful of the distinction made in ORS 486.541, we could bring ourselves to agree with defendants that "coverage" has a more limited statutory meaning were it not for the particular wording of ORS 486.566, which speaks of "coverage in excess of or in addition to" the coverage required by the provisions of the Law. It is our observation that the word "excess" is used in connection with monetary limits of insurance and not in connection with types of risks insured against. It is therefore our opinion that the legislature, by its use of such word, intended the provisions of the statute to encompass not only the risk insured against but also the monetary amount of insurance.

In addition, no logical reason has been advanced, nor does one occur to us, why the legislature would make any distinction, for the purposes of the statute, between the risks insured against and the amount of the insurance.

The judgment of the trial court is reversed with instructions to enter a judgment limiting plaintiff's liability to $10,000.