# COLLINS,
*Respondent,*

*v.*

# FARMERS INSURANCE COMPANY OF OREGON,
*Appellant.*

(A8712-07559; CA A51200)

791 P2d 498

William G. Earle, Portland, argued the cause for appellant. With him on the brief was Hallmark, Keating & Abbott, P.C., Portland.

Robert K. Udziela, Portland, argued the cause for respondent. With him on the brief were John S. Stone, Robert J. Neuberger and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## RICHARDSON, P. J.

Plaintiff sought a declaratory judgment that he is entitled to the $100,000 limits of the automobile liability policy issued by defendant for injuries that he sustained while a passenger of an insured to whom he is related and in whose household he resides. Defendant contends that, because the policy contains a "family household" exclusion, its coverage for plaintiff is only the $25,000 minimum coverage that the Financial Responsibility Law requires for bodily injury. ORS 806.070(2)(a); *see, generally,* ORS 742.450 *et seq;* ORS 806.010 *et seq.*[1] The trial court granted plaintiff a summary judgment. Defendant appeals, and we affirm.

The policy provides that its coverage does not apply to "[l]iability for bodily injury to an insured person." "Insured person" is defined to include "any family member," which means "a person related to [the named insured] who is a resident of [the named insured's] household." The policy also contains the caveat:

"Policy terms which conflict with laws of Oregon are hereby amended to conform to such laws."

In *Dowdy v. Allstate Insurance Co.,* 68 Or App 709, 685 P2d 444, *rev den* 298 Or 172 (1984), decided before the effective date of defendant's policy, we held that a similar "family household" exclusion violated the Financial Responsibility Law, insofar as the insurer relied on it to defeat *all* coverage for the insured's sister who resided in her household and was injured while she was her passenger. *See Viking Ins. Co. v. Perotti,* 308 Or 623, 784 P2d 1081 (1989); *Viking Ins. Co. v. Petersen,* 308 Or 616, 784 P2d 437 (1989); *State Farm Fire and Casualty Co. v. Jones,* 306 Or 415, 759 P2d 271 (1988).

■■ Defendant acknowledges that the exclusion violates the Financial Responsibility Law to the extent that it purports to foreclose coverage within the minimum limits set by the statute. When a policy violates a statute by excluding required coverage, "the policy must be construed to include whatever coverage is mandated by statute." *State Farm Fire and Casualty Co. v. Jones, supra,* 306 Or at 418. Defendant

---

[1] We refer to statutes in this opinion as they are presently codified. Some were renumbered after the policy was issued. Their substance was not altered in any way material here.

argues, however, that the exclusion is not invalid as it pertains to coverage in excess of the minimum requirements and is applicable with regard to the coverage over $25,000.[2] Plaintiff answers, *inter alia,* that the policy does not purport to make the exclusion applicable only to coverage in excess of $25,000, but unambiguously—and unlawfully—excludes all coverage for relatives of an insured who live in the same household. Therefore, plaintiff argues, defendant essentially seeks to reform the contract, under circumstances where that remedy is not available. We agree. Whether or not a family household exclusion that is expressly limited to coverage that exceeds the statutory requirement would be valid, the exclusion here is not limited in that way. It relates to all bodily injury coverage of resident relatives. We must read it according to its terms and cannot delete it from the policy in the selective way defendant urges.

Defendant relies on ORS 742.464:

"Any policy which grants the coverage required for a motor vehicle liability insurance policy under ORS 742.450, 806.080 and 806.270 may also grant any lawful coverage in excess of or in addition to the required coverage, and such excess or additional coverage shall not be subject to the provisions of ORS 742.450 to 742.464 [*sic*]. With respect to a policy which grants such excess or additional coverage only that part of the coverage which is required by ORS 806.080 and 806.270 is subject to the requirements of those sections."

Defendant argues:

"Under the plain meaning of ORS [742.464], the strictures of [the Financial Responsibility Law] do not apply to coverage in excess of the $25,000 minimum limits. Consequently, the exclusion in question here remains enforceable over and above those limits; the [law] only requires coverage of $25,000."

We do not agree with defendant's understanding of the statute. ORS 742.464 means simply that an insurance policy *may* contain provisions pertaining to additional coverage that do not comply with the statutory requirements for minimum coverage; it does not mean that all policy provisions relating to additional coverage are automatically construed as

---

[2] The Supreme Court adverted to and left that question open in *State Farm Fire and Casualty Co. v. Jones, supra,* 306 Or at 421, n 5. The courts of other jurisdictions that have decided it are divided.

meaning the opposite of what the Financial Responsibility Law says, regardless of what the policy itself says.

Defendant relies on *Oregon Automobile Ins. Co. v. Thorbeck,* 283 Or 271, 583 P2d 543 (1978), in support of its reading of ORS 742.464. The court construed the predecessor statute, *former* ORS 486.566, and held that the insurer's failure to notify the Motor Vehicles Division of its cancellation of the policy, as required by *former* ORS 486.506(2), subjected it to potential liability only for the statutorily required minimum coverage rather than for the greater limits under the cancelled policy. *Thorbeck* is consistent with our reading of the statute and does not aid defendant. The insurer there *had* cancelled the policy and had so notified the insured. Therefore, the contractual relationship between the parties was at an end, and the Financial Responsibility Law alone defined the insurer's continuing responsibility. Conversely, the precise problem with defendant's argument here is that its contract does not define its responsibility in the way that ORS 742.464 might permit it to do. The exclusion is not limited by its terms to coverage above $25,000, and ORS 742.464 cannot serve to amend the parties' contract.

In addition to ORS 742.464, defendant cites other sections of the Financial Responsibility Law that it argues "manifest an intent to regulate insurance policies only to the extent of the minimum payments outlined in the statute." Again, however, the scope of the regulation does not define the terms of the contract. Similarly, the proviso in the policy that any provisions that are inconsistent with Oregon laws are "amended to conform to such laws" cannot have the effect of limiting the exclusion by force of law in ways that the contract itself does not. The summary judgment for plaintiff was correct.[3]

---

[3] Defendant also relies on *Viking Ins. Co. v. Petersen, supra,* and *Hartford Acc. and Indem. v. Kaiser,* 242 Or 123, 407 P2d 899 (1965). Defendant's invocation of *Petersen* turns on random language in the court's opinion that does not even rise to *dicta. Kaiser* involved the interpretation of a specific policy and states no general principle that aids defendant.

Defendant contends that its position reflects the better policy choice, because it "allows for the statutorily-mandated coverage while at the same time protecting at least to a limited extent the parties' basic rights to freedom of contract." Defendant does not seem concerned, however, by the fact that the other parties to its contracts might assume that they are lawful and mean what they say and might thereby forego making claims for coverage that Oregon law requires defendant to provide.

Affirmed.