Argued and submitted January 27, affirmed June 9, 1982

# STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,
*Respondent,*

*v.*

# BAUGHMAN et al,
*Appellants.*

## (No. A8004-02194, CA A21446)

646 P2d 102

Janice M. Stewart, Portland, argued the cause for appellant. With her on the briefs was McEwen, Newman, Hanna & Gisvold, Portland.

Arminda J. Brown, Portland, argued the cause for respondent. With her on the brief was Vergeer, Roehr & Sweek, Portland.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendants appeal from a summary judgment in a declaratory judgment action. Defendants Leon and Valerie are husband and wife. Defendant Shari Lynn is the daughter of Leon by a prior marriage, and defendant Christopher is the son of Valerie by a prior marriage. Leon and Valerie are the legal custodians of their respective children, and all of the defendants are Oregon residents and, at the relevant time, resided together in Portland. On June 14, 1979, Shari Lynn and Christopher were being transported in an automobile driven by Leon from Oregon to California, where the children were to begin a period of visitation with their respective non-custodial parents. The children were injured in an automobile accident in California. Valerie, as guardian ad litem for both children, filed a complaint in a California court for damages, naming Leon as a defendant. Certain of the defendants in that action filed cross-complaints against Leon and Valerie for contribution. Valerie then brought an action for declaratory relief in the same California court, seeking a determination of the parties' rights and duties under a liability insurance policy issued to Leon by plaintiff, State Farm Mutual Automobile Insurance Company (State Farm). The following day State Farm brought this Oregon action.

The policy provides in part:
"EXCLUSIONS - SECTION 1
"THIS INSURANCE DOES NOT APPLY UNDER:
"* * * * *

"(h) COVERAGE A, TO *BODILY INJURY* TO ANY *INSURED* OR ANY MEMBER OF THE FAMILY OF AN *INSURED RESIDING* IN THE SAME HOUSEHOLD AS THE *INSURED* * * *." (Emphasis in original.)

Coverage A is the bodily injury liability coverage. "Insured" is defined in the policy as "(1) the first *person* named in the declarations and while *residents* of his household, his spouse and the relatives of either." (Emphasis in original.) The trial court concluded as a matter of law that State Farm's policy does not provide coverage for any claims arising out of the injuries to Shari Lynn and Christopher and, specifically, for the liability claims in the California

action, including the duty to defend or indemnify Leon and Valerie.[1]

Defendants disclaim the existence of any choice of law problem in this case, maintaining that the quoted clause is invalid under the law of either California or Oregon. However, they argue that, "[i]f California law is applied, the family exclusion clause is invalid due to overbreadth because the class of persons excluded from protection is broader than the class of persons insured." On the other hand, they argue that, "[i]f Oregon law is applied, the family exclusion clause should be declared unenforceable because an exclusion is an irrational classification which denies the equal protection of the law and violates public policy." Those arguments suggest that there would be different lines of analysis, depending upon the choice of which state's law to apply. The trial court made no explicit choice of laws, and we need not do so either, for the law is clear that the same result would be reached in both states.

■ *Schwalbe v. Jones,* 16 Cal 3d 514, 128 Cal Rptr 321, 546 P2d 1033 (1976), upheld the constitutionality of California's guest passenger statute. The court also discussed the "family exclusion" clause in the policy involved there and pointed out that, not only had the courts uniformly upheld the provision, but the California legislature had enacted a statute expressly permitting the exclusion. 16 Cal 3d at 521. Two years later, in *Cooper v. Bray,* 21 Cal 3d 841, 148 Cal Rptr 148, 582 P2d 604 (1978), *Schwalbe* was partially overruled, and the *immunity* from liability to guest passengers granted to negligent drivers was held to be unconstitutional. Nothing said in *Cooper* related to the validity of the family exclusion. In *Farmers Insurance Exchange v. Cocking,* 29 Cal 3d 383, 173 Cal Rptr 846, 628 P2d 1 (1981), the California Supreme Court sustained the constitutionality of the family exclusion statute. *Cocking* involved a claim by a wife-passenger against her husband-driver. The instant case involves claims by children-passengers, but nothing in the language of *Cocking* suggests that the California law would be any different under our facts. *See Knatt v. Cal. State Auto. Ass'n, etc.,* 123 Cal App 3d 115, 176 Cal Rptr 420 (1981).

---

[1] We are informed that the California declaratory judgment action terminated in a similar judgment for State Farm.

Defendants argue that *Cocking* is not conclusive on the California law under the facts of this case, because the court did not specifically consider the argument that the exclusion is invalid due to "overbreadth." They rely on *Phelps v. Allstate Insurance Company,* 106 Cal App 3d 752, 165 Cal Rptr 623 (1980). However, *Phelps* involved an exclusion for "bodily injury to any person who is related by blood, marriage or adoption to an insured against whom a claim is made if such person resides in the same household as such insured." The only issue presented in *Phelps* was whether the quoted language "complies with the statutory limitations on permissible exclusions" in the California Insurance Code. The court concluded that the policy language was broader than the statute allows and was therefore invalid. The court did not reach any constitutional issue. *Phelps* did not involve the same clause at issue here. In the light of *Farmers Insurance Exchange v. Cocking, supra,* we conclude that a California court would uphold the validity of the exclusion in the policy in this case.

■ The general validity of the family exclusion clause in Oregon is quite clear. In *Lee v. State Farm Auto. Ins.,* 265 Or 1, 507 P2d 6 (1973), the court said:

"The primary purpose of the family-household exclusion clause is to protect the insurer against collusive or friendly lawsuits. [Footnote omitted.] Although the need for this exclusion clause is most obvious in cases where the insured has injured a member of his own family and household, it will also frequently be present in cases where the insured has been injured by a friend or relative, not a member of his family or household who [sic] he has permitted to drive his car. The language of the exclusion is clear and its application in such cases is reasonable and consistent with the reasons for its inclusion in the policy. Plaintiff's argument, on the other hand, would have us ignore the plain meaning of the policy language and, in effect, transform her automobile liability policy into a type of accident insurance." 265 Or at 5-6.

Although *Lee* involved a claim by a named insured who was a passenger in her own vehicle, we see nothing in the language of the opinion to suggest that the exclusion bears different interpretations depending on the relationship of the claimant to the named insured. Moreover, given the

fact that claims by a child against a parent for negligent acts are not favored in this state, *Chaffin v. Chaffin,* 239 Or 374, 397 P2d 771 (1964), we see no policy reason for abrogating that immunity by interpreting an unambiguous clause in an insurance policy to afford coverage to a minor child.[2]

■     *Lee* did not involve the constitutionality of the exclusion under equal protection principles. Defendants' equal protection argument is not very clear. Their brief poses the question: "Is there a legitimate governmental interest in excluding family members of an insured residing in the same household from * * * protection?" They proceed to argue that "the family exclusion is an irrational social anachronism." The argument is misdirected. The language quoted above from *Lee v. State Farm Auto. Ins., supra,* states some of the policy reasons for the family exclusion provision. Similarly, the California Supreme Court in *Farmers Ins. Exchange v. Cocking, supra,* points out that, a legislature could have several reasonable bases for allowing the exclusion. 29 Cal 3d at 390. Oregon legislation does not deal with the clause at all; the Insurance Commissioner, in his function of approving insurance forms, merely allows the exclusion to be part of insurance contracts.

Nothing in plaintiff's argument persuades us that leaving to private contractual arrangements coverage or not of certain claims or persons is a state action denial of equal protection of the laws. Plaintiff points out that the legislature has in fact legislated that all vehicle liability policies must afford a measure of protection to members of an insured's family under the personal injury protection law. ORS 743.805; 743.800.[3] The language of those two

---

[2] *Lee* is also controlling authority against defendants' argument that the policy language in this case is ambiguous.

[3] ORS 743.805 provides in relevant part:

"(1)   Personal injury protection benefits as required by ORS 743.800 shall consist of the following payments for the injury or death of each person:

"(a)   All reasonable and necessary expenses of medical, hospital, dental, surgical ambulance and prosthetic services incurred within one year after the date of the person's injury, but not more than $5,000 in the aggregate for all such expenses of the person.

statutes indicates that the legislators were aware of the family exclusion provision and chose to regulate it only to a limited extent. If state action is involved here at all, it has not created a classification having no rational basis.

Affirmed.

---

"* * * *"

ORS 743.800(1) provides in relevant part:

"Every motor vehicle liability policy issued for delivery in this state that covers any private passenger motor vehicle shall provide personal injury protection benefits to the person insured thereunder, members of that person's family residing in the same household * * *."