[Civ. No. 6725. Fifth Dist. Oct. 31, 1983.]

VALERIE BAUGHMAN, et al., Plaintiffs and Appellants, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant and Respondent.

COUNSEL

Canelo, Hansen & Wilson and Ronald W. Hansen for Plaintiffs and Appellants.

Stammer, McKnight, Barnum & Bailey and James N. Hays for Defendant and Respondent.

OPINION

BRADSTREET, J.*—This appeal involves application of res judicata to an Oregon judgment and California judgment, each of which construed insurance coverage of one policy in connection with an automobile accident occurring in California.

On June 14, 1979, the 1976 Fiat automobile that Leon G. Baughman owned and was driving was involved in an accident in Merced County, California. Riding with Leon Baughman at the time were his daughter, Shari L. Baughman (age 11), and Valerie Baughman's son, Christopher R. Bryant (age 12). Leon Baughman and the two passengers had been living in Port-

---

*Assigned by the Chairperson of the Judicial Council.

land, Oregon, for the past four years; the children attended school there, but pursuant to California dissolution decrees, each child visited its noncustodial parent in Southern California during the summers. When the accident occurred, Leon Baughman was on his way to deliver Shari Baughman and Christopher Bryant for their summer visitation periods with their noncustodial parents. After spending most of the summer of 1979 in the hospital, Shari Baughman and Christopher Bryant returned to live with Leon Baughman and Valerie Baughman in the State of Oregon.

Leon Baughman had been insured with State Farm Mutual Automobile Insurance Company for about 20 years. When he acquired the 1976 Fiat automobile, about three months before the accident, he telephoned his State Farm agent in Taggart, Oregon, and asked that "full coverage" be extended. When the 1976 Fiat was first covered by his policy, a new face sheet was mailed to Leon Baughman; he already had possessed a copy of his policy for quite a while, and had read it briefly, not noting the "family exclusion" in his reading of the policy.

The policy issued by State Farm to Leon Baughman defined "Coverage A—Bodily Injury Liability" as the insurer's agreement to: "pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of (A) *bodily injury* sustained by *other persons* . . . , caused by accident arising out of the ownership, maintenance or use, including loading or unloading, of the *owned motor vehicle*; and to defend, with attorneys selected by and compensated by the company, any suit against the *insured* alleging such *bodily injury* . . . and seeking *damages* which are payable hereunder even if the allegations of the suit are groundless, false or fraudulent; . . ." (Italics in original.)

Under the section titled "Exclusions," the policy recited that "[t]his insurance does not apply under: . . . [¶] (h) Coverage A, to *bodily injury* to any *insured* or any member of the family of an *insured residing* in the same household as the *insured*; . . ." (Italics in original.)

The policy included the following definitions: "Insured—the unqualified word 'insured' includes [¶] (1) the named insured, and [¶] (2) if the named insured is a *person* or *persons*, also includes his or their spouse(s), if a *resident* of the same household and, [¶] (3) if *residents* of the same household, the relatives of the first *person* named in the declarations, or of his spouse, . . .

". . . . . . . . . . . . . . . . . . . . . .

"Relative—means a member of the family of the named insured *residing* in the same household.

"Resident or Reside—when used with reference to the named insured's household, means bodily presence in such household and an intention to continue to dwell therein. However, the named insured's unmarried and unemancipated children, while away from his household attending school, are deemed to be residents of his household." (Italics in original.)

On October 29, 1979, suit was filed in Merced County, California, by Valerie Baughman and in behalf of Shari Lynn Baughman and Christopher Bryant against National Aquarium and Supply Company, Inc., Alange Charles, Ryder Truck Rental, Inc., and Leon G. Baughman. A cross-complaint for comparative indemnity was filed in that action by National Aquarium and Supply, Inc., and Ryder Truck Rental, Inc., as against Leon G. Baughman and Valerie Baughman.

On April 17, 1980, the instant case was filed in Merced County, California, seeking a declaration regarding the policy of insurance. Plaintiff was Valerie Baughman, individually and as guardian ad litem for Shari Lynn Baughman and Christopher R. Bryant.

On April 18, 1980, a declaratory relief action was filed in Multnomah County, Oregon. The parties to that action were State Farm Mutual Automobile Insurance Company, plaintiff, versus Leon Baughman, Valerie Baughman, Shari Lynn Baughman, a minor, and Christopher R. Bryant, a minor. On May 26, 1981, summary judgment was granted declaring that the insurance policy did not cover Shari Lynn Baughman, Christopher R. Bryant and Valerie Baughman in connection with the accident in Merced County, California, on October 29, 1979. The Oregon summary judgment was appealed to the Court of Appeals, and the judgment was affirmed. With no appeal being taken to the Oregon Supreme Court, the judgment became final on July 9, 1982.

On September 16, 1981, in the instant action, the Merced County Superior Court granted judgment on the request for a declaration of policy of insurance holding that the insurance policy did not provide coverage for Shari Lynn Baughman and Christopher R. Bryant because they were insureds as defined by the policy. This case is still on appeal and has not become final.

DISCUSSION

The California Supreme Court declared in *Domestic and Foreign Pet Co., Ltd.* v. *Long* (1935) 4 Cal.2d 547, 562 [51 P.2d 73], that "Where two actions involving the same issue are pending at the same time, it is not the final judgment in the first suit, but the first final judgment, although it

may be rendered in the second suit, that renders the issue *res judicata* in the other court. [Citations.] Where the judgment in one suit becomes final through lapse of time or affirmance on appeal while an appeal is still pending in another court from judgment in the other action, the first final judgment may be brought to the attention of the court in which an appeal is still pending and relied on as *res judicata*. [Citation.]"

■ "The rule of primacy to the first final judgment is a necessary incident to the requirement of full faith and credit [of the federal Constitution]." (*Hanson* v. *Denckla* (1958) 357 U.S. 235, 256 [2 L.Ed.2d 1283, 1299, 78 S.Ct. 1228].) ■ A certified copy of the Oregon judgment is before this court on appeal. The opinion on appeal of the Oregon judgment is reported. (*State Farm Mut. Auto. Ins. Co.* v. *Baughman* (1982) 57 Ore.App. 576 [646 P.2d 102].)

The Oregon judgment is res judicata as to the present appeal and the Merced County, California, trial court's judgment for State Farm is affirmed.

Andreen, Acting P. J., and Martin, J., concurred.