[No. B027218. Second Dist., Div. Two. Oct. 28, 1988.]

GUY F. LEE et al., Plaintiffs and Appellants, v.
TRAVELERS COMPANIES et al., Defendants and Respondents.

**COUNSEL**

Zilinskas & Brantner and Robert J. Brantner for Plaintiffs and Appellants.

Lynberg & Watkins, Judith Gold, Hawkins, Schnabel & Lindahl, Kelley K. Beck and Owen D. Corr for Defendants and Respondents.

**OPINION**

GATES, J.—Plaintiffs, after settling their underlying legal malpractice claim against two of defendants' insureds who allegedly had negligently represented plaintiffs' interests in connection with a personal injury suit, filed the instant action accusing defendants of unfair insurance practices in violation of Insurance Code sections 790.02 and 790.03; conspiracy; and intentional and negligent infliction of emotional distress. In essence, they alleged that although defendants were chargeable in December 1981 with knowledge their insureds had committed malpractice, they had refused to settle the case for more than its "nuisance value" until it was assigned to trial in February 1986, when they agreed to a combined settlement of $800,000. They additionally asserted, a "[d]etermination of liability can be inferred directly from the disparity between the original offer . . . and the final settlement . . . ."

In sustaining without leave to amend the demurrers of defendants National Union Fire Insurance Company, Phoenix Insurance Company (a member of The Travelers Companies erroneously identified in plaintiffs' complaint as "The Travelers") and Phoenix's employee, Owen D. Corr, to plaintiffs' second amended complaint, the trial court quite prophetically ruled: "The issues of a bad faith violation of Insurance Code § 790 et seq. (*Royal Globe Insurance Co.* v. *Superior Court* [1979] 23 Cal.3d 880) are controlled by the holdings in . . . *Henninger* v. *Foremost Insurance Co.* (1985) 175 Cal.App.3d 830 and *Williams* v. *Transport Indemnity* (1984) 157 Cal.App.3d 953. . . . The court agrees . . . that insufficient facts are alleged to allow recovery for intentional or negligent infliction of emotional

distress. [¶] Plaintiff has candidly stated that he has no further facts to allege. . . ."

At the time plaintiffs appealed from the ensuing order of dismissal, a significant number of bad faith insurance cases were pending in our Supreme Court which posed the very question addressed by the trial court here. We therefore notified the parties on February 16, 1988, that the instant matter would not be placed on calendar until after that court had issued a decision in its lead case.

Following the filing of *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* on August 18, 1988 (46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58]), we were presented with letter briefs, in response to our request, analyzing *Moradi-Shalal's* impact upon the disposition of our present appeal. ■ Appellants have basically reiterated their previous position by arguing, "the payment of $800,000, after an offer of $51,500, constituted an admission of liabilty and a sufficient final determination to create an exception to the general holding of the case in this respect." Their reasoning, though logical, nonetheless must fail.

The court in *Moradi-Shalal,* overruling *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329], concluded the Unfair Practices Act (Ins. Code, § 790 et seq.) may not form the basis of a private right of action against insurers. (46 Cal.3d at pp. 292, 304.) ■ Although the court announced its holding was to apply prospectively only (*id.,* at pp. 292, 305), it nonetheless specified that, with respect to pending *Royal Globe* actions, *settlement of a third party's underlying claim against the insured is an "insufficient conclusion of the underlying action*: there must be a conclusive *judicial* determination of the insured's liability before the third party can succeed in an action against the insurer under section 790.03." (*Id.,* at p. 306; italics added.) In the absence of such a final resolution, even an admission does not suffice to establish the insured's liability. (*Id.,* at p. 310.) ■ Thus, defendants' demurrers were properly sustained without leave to amend as to plaintiffs' claim of unfair insurance practices. Plaintiffs readily concede that if this theory is unavailable to them, "there is no civil conspiracy."

■ Although the court in *Moradi-Shalal* declared "courts retain jurisdiction to impose civil damages or other remedies against insurers in appropriate common law actions, based on such traditional theories as . . . infliction of emotional distress . . ." (46 Cal.3d at pp. 304-305), it is well-settled that "[t]he failure to accept an offer of settlement or the violation of statutory duties under Insurance Code section 790.03 does not in itself constitute the type of outrageous conduct which will support a cause of

action for intentional infliction of emotional distress. [Citations.]" (*Schlauch* v. *Hartford Accident & Indemnity Co.* (1983) 146 Cal.App.3d 926, 936 [194 Cal.Rptr. 658], and cases cited therein; *Taylor* v. *California State Auto. Assn.* (1987) 194 Cal.App.3d 1214, 1223 [240 Cal.Rptr. 107]. Cf. *Isaacson* v. *California Ins. Guarantee Assn.* (1988) 44 Cal.3d 775, 788-789 [244 Cal.Rptr. 655, 750 P.2d 297].) ■ Since plaintiffs have explicitly premised their intentional infliction of emotional distress count upon defendants' purported failure to "fulfill[ ] their statutory duties . . ." and have not alleged with specificity any other acts ". . . so extreme as to exceed all bounds of that usually tolerated in a civilized community" (*Cervantez* v. *J. C. Penney Co.* (1979) 24 Cal.3d 579, 593 [156 Cal.Rptr. 198, 595 P.2d 975]), the trial court's ruling on that count was also correct.

■ Plaintiffs' negligent infliction of emotional distress count is likewise barred. The right to maintain such an action is "necessarily . . . predicated on the existence of a duty of care and its breach. . . ." (*Williams* v. *Transport Indemnity Co.* (1984) 157 Cal.App.3d 953, 965 [203 Cal.Rptr. 868]; *Taylor* v. *California State Auto. Assn., supra,* 194 Cal.App.3d 1214, 1223.) Even though an insurer may have a duty to attempt to settle a third party claim "when liability becomes 'reasonably clear' " (*Moradi-Shalal, supra,* at p. 307), the right to recover under *Royal Globe* for a breach of that duty arises only after the insured's liability is finally established. (*Ibid.*)

Insofar as plaintiffs raise in their letter brief the possibility that "the election in November will reinstate a 'Bad Faith' cause of action by passage of the California Trial Lawyers initiative containing that provision," we note a rehearing apparently was sought in *Moradi-Shalal* "if for no other reason than to delay its effective date until after voters cast their ballots on Nov. 8," in order to "prevent the creation of a 'gap' in protection for consumers if Proposition 100 passes." (Carrizosa, *Court Will Not Reconsider 'Moradi-Shalal,'* L.A. Daily J. (Oct. 14, 1988) p. 20, cols. 1-3.)[1] The petition for rehearing was denied on October 13, 1988, and *Moradi-Shalal* became final on October 17, 1988. Given our highest court's action in the premises, it would be inappropriate for us to withhold our decision in the instant case since, even if adopted, Proposition 100 could not be afforded retroactive application. (See *People* v. *Young* (1981) 120 Cal.App.3d 683, 696 [175 Cal.Rptr. 1].)

---

[1] Proposition 100 expressly permits policyholders and third parties to institute litigation against insurers for violation of the Unfair Practices Act, *"including but not limited to subdivision (h) of Section 790.03."* ("Section 13. Fair Insurance Claims and Underwriting Practice," Ballot Pamp. Nov. 8, 1988, p. 134.)

The order of dismissal is affirmed. The parties to bear their own costs on appeal.

Compton, Acting P. J., and Fukuto, J., concurred.