974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Burge HULETT, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
 No. 91-56031.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided Sept. 11, 1992.
 
 Appeal from the United States District Court for the Central District of California; No. CV-91-2978-JMI, James M. Ideman, District Judge, Presiding.
 C.D.Cal.
 REVERSED.
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 BACKGROUND
 
 2
 In 1987, a vehicle driven by Burge Hulett was hit by another vehicle driven by an underinsured motorist. Hulett was insured against underinsured motorists by State Farm Mutual Automobile Insurance Company. Hulett alleges that, although his claim was clearly valid and State Farm had no reason to oppose it, State Farm intentionally delayed in paying the claim for over two years. After this long delay, Hulett finally succeeded in getting State Farm to arbitrate his insurance claim and was awarded $45,000 by the arbitrator. Hulett then filed an action in state court against State Farm alleging bad faith, intentional infliction of emotional distress, and breach of fiduciary duty.[1] State Farm removed this action to federal district court pursuant to 28 U.S.C. section 1441 because there is diversity jurisdiction under 28 U.S.C. section 1332. State Farm argued in the district court that Hulett's cause of action was based on State Farm's decision to use arbitration and was therefore barred by California Insurance Code section 11580.26(b). The district court issued an order dismissing Hulett's complaint, and Hulett appeals this order. This court has jurisdiction pursuant to 28 U.S.C. section 1292.
 
 STANDARD OF REVIEW
 
 3
 A dismissal for failure to state a claim is a question of law that is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 DISCUSSION
 I. Section 11580.26(b)
 
 4
 This case turns on an issue of state law--the interpretation of California Insurance Code section 11580.26(b).[2] The district court dismissed Hulett's complaint with prejudice because it found that section 11580.26(b) precludes an action for bad faith arising from the delayed resolution of a valid insurance claim that is arbitrated. This interpretation of the statute is erroneous, and we reverse the district court's order.
 
 
 5
 The best explanation of the proper interpretation of section 11580.26(b) is provided by Melander v. State Farm Mutual Auto. Ins. Co., No. B056345, slip op. (Cal.Ct.App. Mar. 30, 1992).[3] State Farm asked this court to take judicial notice of Melander as a case involving the issue on appeal in this case--the interpretation of section 11580.26(b) to bar an action for bad faith. Because the California Court of Appeal decided this issue against State Farm, Hulett argues that State Farm should be forced to abandon its arguments on appeal. Although there is a different plaintiff in each action, the facts and issues in Melander are identical to the facts and issues in the present case. Under Melander, a plaintiff is entitled to bring an action for bad faith for delaying payments on insurance claims even if the claims are eventually arbitrated.
 
 
 6
 We agree with the court in Melander that "well settled rules of statutory construction require that if the language of a statute itself is clear, a court need look no further to discern the Legislature's intent." Slip op. at 8 (citing Curl v. Superior Court, 801 P.2d 292, 296 (Cal.1990)). Section 11580.26(b) insulates the insurer only from liability arising out of the exercise of the right to request arbitration of an uninsured motorist claim, not from all bad faith handling of claims that are eventually arbitrated. Id. at 9. In this case, Hulett, not State Farm, exercised his right to arbitration. Thus, Hulett is not alleging bad faith because the claims were arbitrated; Hulett is alleging bad faith because State Farm intentionally delayed in paying his valid insurance claim. We agree with the reasoning in Melander: An insurer who commits fraud and breaches the covenant of good faith in the handling of an insurance claim is not insulated from liability just because the claim is eventually arbitrated. Slip op. at 10-11.
 
 
 7
 Under California law, an insurer who refuses to pay a clearly valid insurance claim or attempts to coerce an unreasonable settlement is liable for bad faith, Neal v. Farmers Ins. Exchange, 582 P.2d 980, 985-86 (Cal.1978), and section 11580.26(b) does not alter this rule. Melander, slip op. at 11. Even if an insurance claim is eventually arbitrated, unreasonable delays and settlement procedures may still subject an insurer to liability for bad faith. Id. at 11-12; Fleming v. Safeco Ins. Co. of Am., 206 Cal.Rptr. 313, 314-16 (Ct.App.1984) (decided after the enactment of section 11580.26(b)). Therefore, the district erred in dismissing Hulett's bad faith claim as barred by section 11580.26(b).
 
 II. Collateral Estoppel
 
 8
 Even if we did not agree with the reasoning of Melander, Hulett would still prevail under the doctrine of collateral estoppel. See People v. Huston, 258 Cal.Rptr. 393, 412-13 (Ct.App.1989) (issue of collateral estoppel raised for the first time on appeal); cf. United States v. Dipp, 581 F.2d 1323, 1325-26 (court determining on appeal whether the doctrine of collateral estoppel was applicable). It is well settled that "a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 81 (1984); see also Los Angeles Branch NAACP v. Los Angeles Unified School Dist., 750 F.2d 731, 736 (9th Cir.1984), cert. denied, 474 U.S. 919 (1985); Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir.) ("a federal court sitting in diversity must apply the res judicata law of the state in which it sits"), cert. denied, 459 U.S. 1087 (1982). This rule applies to both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Los Angeles Branch NAACP, 750 F.2d at 736. Therefore, we must look to the law of California to decide whether State Farm is collaterally estopped from relitigating the issue of the interpretation of section 11580.26(b).
 
 
 9
 Although Melander and the present case involved different plaintiffs, California, like the federal courts, allows offensive non-mutual collateral estoppel. See Imen v. Glassford, 247 Cal.Rptr. 514, 517-19 (Ct.App.1988) (estopping the defendant from relitigating issues that had been decided in an earlier action brought by a different plaintiff and citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329-33 (1979)); Louie Queriolo Trucking v. Superior Court, 60 Cal.Rptr. 389 (Ct.App.1967). In addition, the four-part test governing use of collateral estoppel clearly allows for offensive non-mutual collateral estoppel:
 
 
 10
 Collateral estoppel bars relitigation of an issue decided at a previous (or previously final ) proceeding only if: (1) the issue was actually litigated and necessarily decided at the previous proceeding; (2) the issue so litigated and decided is identical to the issue currently before the court; (3) the previous proceeding resulted in a final judgment on the merits; and (4) the party against whom collateral estoppel is asserted was a party to ... the previous proceeding.
 
 
 11
 Huston, 258 Cal.Rptr. at 412 (emphasis added) (citing People v. Sims, 651 P.2d 321, 331 (Cal.1982).
 
 
 12
 In this case, all four elements of the test for collateral estoppel are present. First, the proper interpretation of section 11580.26(b) with respect to an action for bad faith was actually litigated in Melander. Second, the issue in Melander was identical to the issue before this court. Third, Melander is a final judgment on the merits. Finally, State Farm was the defendant in Melander. Moreover, although the district court issued its order before the decision in Melander was final,[4] collateral estoppel still applies because the decision in Melander was previously final; i.e., Melander became final while this appeal was pending. Under California law, a subsequent final judgment can have collateral estoppel effects over an earlier judgment whose appeal is still pending. Huston, 258 Cal.Rptr. at 411 (citing Baughman v. State Farm Mutual Auto. Ins. Co., 196 Cal.Rptr. 35 (Ct.App.1983)). Therefore, there is collateral estoppel in this case, and Hulett is correct that State Farm is estopped from arguing that his complaint must be dismissed under section 11580.26(b).
 
 III. Other Claims
 
 13
 Hulett also argues that the district court erred in dismissing his claim for intentional infliction of emotional distress. However, Hulett fails to allege facts that could support a finding of outrageous conduct. See Lee v. Travelers Cos., 252 Cal.Rptr. 468 (Ct.App.1988) (failure to pay a valid claim or accept an offer of settlement does not constitute outrageous conduct). Thus, the district court did not err in dismissing this claim. Hulett's claim for breach of fiduciary duty is also flawed, and was properly dismissed. See Lee v. Fire Ins. Exchange, 271 Cal.Rptr. 246 (Ct.App.1990).
 
 CONCLUSION
 
 14
 Because section 11580.26(b) does not bar Hulett's bad faith claim, Hulett's complaint states a claim for bad faith under California law. Therefore, the district court's order dismissing Hulett's complaint is REVERSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court believed that Hulett had attempted to state a claim for fraud, and Hulett argues on appeal that the complaint states a claim for invasion of privacy. Because neither fraud nor invasion of privacy was pled in the complaint, we decline to consider these claims
 
 
 [2]
 "No cause of action shall exist against either an insured or insurer from exercising the right to request arbitration of a claim under this section or Section 11580.2" Cal.Ins.Code § 11580.26(b) (West 1988 & Supp.1992)
 
 
 [3]
 Although Melander is an unpublished opinion, it can be relied upon and cited by this court because it is relevant under the doctrine of collateral estoppel. See Cal.R.Ct. 977(b)(1)
 
 
 [4]
 The complaint in Melander was filed on May 11, 1988, and a notice of appeal from the trial court was filed on February 1, 1991. However, the decision of the California Court of Appeals was not issued until March 30, 1992. Thus, when the district court issued its order dismissing Hulett's complaint on July 23, 1991, the decision in Melander was not final