Filed 6/29/15  DuRoss v. Brown CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# **COPY**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| MARK ANTHONY DUROSS, | C071387 |
| Plaintiff and Respondent, | (Super. Ct. No. 34200900066129) |
| v. | |
| EDMUND G. BROWN, JR., AS GOVERNOR, ETC., et al., | |
| Defendants and Appellants. | |

Plaintiff Mark Anthony DuRoss appeals from a judgment of dismissal following the sustaining of a demurrer without leave to amend in favor of former Governor Arnold Schwarzenegger and State Controller John Chiang (Defendants).  DuRoss contends the trial court should have overruled the demurrer and considered the merits of his claims. We conclude that DuRoss has failed to demonstrate any error.  Accordingly, we affirm the judgment.

1

FACTS AND PROCEEDINGS

Because this appeal follows the sustaining of a demurrer without leave to amend, we summarize the underlying facts as alleged in the operative (first amended) complaint. (*Landmark Screens, LLC v. Morgan, Lewis & Bockius, LLP* (2010) 183 Cal.App.4th 238, 240.) Our summary also includes facts subject to judicial notice. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)

We take judicial notice of our unpublished opinion in *People v. DuRoss* (Nov. 24, 2010, C065427), in which we noted that DuRoss was sentenced to 69 years to life in 1999 after a jury convicted him of felony sexual battery, felony child endangerment, infliction of corporal punishment on a child, forcible penetration with a foreign object, and rape.

DuRoss, now an inmate at the California Medical Facility in Vacaville, commenced this action (*DuRoss 1*) by filing a complaint against former Governor Arnold Schwarzenegger and State Controller John Chiang (Defendants) in Sacramento County Superior Court on December 7, 2009.

The complaint challenged the restitution fine imposed upon him at the time of his conviction noted above. Among other things, the complaint alleged that the restitution fine was barred by the constitutional prohibitions against double jeopardy and excessive fines. The complaint also alleged that Penal Code sections 1205 and 2900.5 required Defendants to credit DuRoss in the amount of $30 per day for each day he has served in prison. The complaint asserted causes of action for general negligence and intentional tort based on Defendants' allegedly wrongful failure to credit DuRoss against his $9,773.50 restitution fine. By way of relief, DuRoss sought a discharge of his restitution balance and unspecified compensatory and exemplary damages.

Defendants removed *DuRoss 1* to federal court on August 19, 2010. On August 31, 2010, DuRoss filed a second civil case in Sacramento County Superior Court

2

(Case No. 34-2010-00086559) (*DuRoss 2*) asserting the same claims against the same defendants. Once again, DuRoss alleged that Defendants wrongfully failed to give him credit against his restitution fine based on his time served in violation of Penal Code sections 1205 and 2900.5. *DuRoss 2* also sought the same relief as *DuRoss 1*: discharge of DuRoss's restitution balance and unspecified compensatory and exemplary damages.

The trial court construed the complaint in *DuRoss 2* as a petition for writ of habeas corpus, noting that "construing the complaint as a petition for writ of habeas corpus will not alter the disposition of the merits of the complaint and will not prejudice either party. Rather, it will allow the complaint to be resolved on the merits without requiring plaintiff to comply with the numerous procedural requirements of a civil action." The trial court also assigned *DuRoss 2* a new number (case No. 10F07404).

The trial court denied the petition in *DuRoss 2* by order dated November 18, 2010. In its order, the trial court explained, "More than nine years after the judgment became final in [the underlying criminal case], petitioner has filed yet a 23rd habeas corpus petition to challenge that judgment. [¶] . . . [¶] Petitioner again makes a challenge to the restitution ordered in the case, this time claiming that he should be deemed to have paid the restitution ordered in full due to the number of days he has served on his sentence, pursuant to Penal Code § 1205(a). [¶] As with petitioner's other petitions, the instant pleading is successive and untimely, and therefore barred under *In re Robbins* (1998) 18 Cal.4th 770, 811-812, 812 fn. 32 and *In re Clark* (1993) 5 Cal.4th 750, 774-775 [(*In re Clark*)]. Regardless, it is utterly devoid of merit, as Penal Code § 1205(a) is not meant to apply when a defendant is sentenced to a term in state prison; nor does it apply to restitution orders, unless the defendant has defaulted on payment of other fines (see Penal Code, § 1205(e)). In any event, Penal Code § 1205(a) places the decision to convert a fine to days of imprisonment in the discretion of a court, to be made at the time of sentencing, which was not done in this matter." Accordingly, the trial court denied the petition, adding with emphasis: "As the court has **repeatedly** informed petitioner, in

3

denials of his previous habeas petitions, he has had his opportunity to present claims in a habeas corpus petition, and **it is a gross abuse of the writ process to file endless, unsubstantiated, frivolous, piecemeal new petitions raising grounds either completely devoid of merit or repeatedly denied in prior petitions, that are barred under *In re Robbins* [*supra*] and *In re Clark* [*supra*].**"

After the trial court denied relief in *DuRoss 2*, the federal court remanded the present case (*DuRoss 1*) back to Sacramento County Superior Court. Defendants filed a demurrer to the complaint, arguing that (1) the case was barred by the doctrine of res judicata; (2) the complaint failed to state a cause of action; and (3) the complaint failed to allege compliance with the Government Claims Act. (Gov. Code, §§ 810 et seq., 945.4.) Defendants also asked that the trial court declare DuRoss a vexatious litigant. (Code Civ. Proc., § 391, et seq.)

The trial court sustained the demurrer, stating, "In another action in this Court, *In re Mark DuRoss* (Aug. 31, 2010), No. 34-2010-00086559/10F07404, Plaintiff filed a complaint that was effectively identical to the complaint filed in this action. In both complaints, Plaintiff Mark Anthony DuRoss appears to assert that Defendants committed various statutory and constitutional violations by failing to credit the time he has served on his prison sentence toward the restitution award imposed against him. The Court construed the prior complaint as a writ of habeas corpus and referred it to the criminal intake unit. [Citation.] On November 16, 2010, the Court ruled on Plaintiff's petition, finding that the habeas corpus petition, Plaintiff's 23rd in the nine years since the criminal judgment had become final, was devoid of merit. [Citation.] As Defendants argue, this determination renders the substantially identical complaint in this action *res judicata*." The trial court further concluded that the complaint failed to state a cause of action, "as Plaintiff is not entitled to any credit toward the restitution award as a result of time served." The trial court also found that the complaint failed to allege compliance with the Government Claims Act. Finally, the trial court found that DuRoss failed to

4

demonstrate that any of these defects could be cured by amendment. Accordingly, the trial court sustained the demurrer without leave to amend. The trial court did not reach the question whether DuRoss was a vexatious litigant.

DuRoss filed a timely notice of appeal. To be precise, DuRoss filed two notices of appeal. The first notice fails to identify the order or judgment appealed from. (CRC 8.100(a)(2).) The second notice clarifies that DuRoss appeals from the order sustaining Defendants' demurrer without leave to amend.

## DISCUSSION

DuRoss contends the trial court erred in sustaining Defendants' demurrer. Although DuRoss generally challenges the trial court's order, he does not address the propriety of the court's ruling that the complaint was barred by the doctrine of res judicata.

We conclude that DuRoss's appeal fails in two respects. First, DuRoss fails to carry his fundamental burden as an appellant to adequately address the issues before the trial court in his opening brief. Second, the record before us reflects that the trial court properly sustained the demurrer on res judicata grounds. Accordingly, we will affirm the trial court's ruling. Because we conclude that the operative complaint is barred by res judicata, we do not reach the substantive merits of DuRoss's challenge to the restitution fine.

### A. *DuRoss Fails to Carry His Burden on Appeal*

On appeal, DuRoss offers a confusing hodgepodge of allegations and conclusions, most of which appear to be directed to the trial court's decision to construe the complaint in *DuRoss 2* as a petition for writ of habeas corpus and the court's subsequent rejection of the petition. DuRoss also challenges his underlying criminal conviction. None of these claims are relevant to the question before us; namely, whether the trial court properly sustained the demurrer to the complaint in the present case (*DuRoss 1*).

5

We note that DuRoss's appellate briefs fail to comply with the applicable rules of court. (Cal. Rules of Court, rule 8.204(a)(1) (B) & (C).)

We also note that DuRoss appears before us in propria persona. While DuRoss's self-represented status may explain the deficiencies in his briefs, it does not excuse them. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267 [" ' "[T]he in propria persona litigant is held to the same restrictive rules of procedure as an attorney" ' "].)

Although DuRoss contends the trial court erred in sustaining the demurrer, he does not address the court's ruling that the complaint was barred by the doctrine of res judicata. Instead, DuRoss argues in conclusory fashion that Defendants' res judicata defense was "underhanded" and "false." DuRoss does not offer any authority, analysis or reasoned argument to support these conclusions.

DuRoss argues for the first time in his reply brief that the doctrine of res judicata should not apply because the present action (*DuRoss 1*) was first-filed. "It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party." (*People v. Tully* (2012) 54 Cal.4th 952, 1075.) In any event, " 'Where two actions involving the same issue are pending at the same time, it is not the final judgment in the first suit, but the first final judgment, although it may be rendered in the second suit, that renders the issue *res judicata* in the other court. [Citations.] Where the judgment in one suit becomes final through lapse of time or affirmance on appeal while an appeal is still pending in another court from judgment in the other action, the first final judgment may be brought to the attention of the court in which an appeal is still pending and relied on as *res judicata*. [Citation.]' " (*Baughman v. State Farm Mut. Auto. Ins. Co.*, 148 Cal.App.3d 621, 624-625.)

Elsewhere, DuRoss contends, "Res Judicata is not for a prisoners only access to be a tool for the Attorney General and the Superior Court, to Violate a prisoners Constitutional rights to be effected and to allow an unconstitutional Sentence to continue

6

on some judgment that's based on false and unproven accusations that the Attorney General can only come up with to prohibit having to actually admit that this Enforcement of a Restitution fine Is Wrongfully being enforced, And that the Superior Court has Made illegal and improper Sentences for anyone who is in fact INDIGENT, And wrongfully and maliciously Dogged by the Defendant's."

DuRoss's other arguments are similarly incomprehensible. For example, DuRoss argues, "Documents have been taken from my cell, I do not know by whom. Also the fact the Superior Court has not made a complete transcript in this Appeal is because I don't know when this problem was happening, This Court [of] Appeal has a better access to obtain those documents, than myself. This information is due to the alleged Res Judicata, that the Superior Court made it's ruling against me, and why? I am Appealing their court ruling to Sustain a Demurrer without Leave to Amend."

A fundamental rule of appellate review is that the appealed judgment or order is presumed to be correct. On appeal, all intendments and presumptions are indulged in favor of its correctness and error must be affirmatively shown. (Eisenberg, et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) ¶ 8:15, p. 8-5; *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

The appellant has the burden of overcoming the presumption of correctness. To meet that burden, the appellant must provide the court with an adequate record that demonstrates the alleged error and reasoned argument and legal authority on each point raised. (Eisenberg, et al., Cal. Practice Guide: Civil Appeals and Writs, *supra*, ¶¶ 8:17, 8:17.1, pp. 8-5 to 8-6.) "This requires more than simply stating a bare assertion that the judgment, or part of it, is erroneous and leaving it to the appellate court to figure out why; it is not the appellate court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness." (*Id.* at ¶ 8:17.1, p. 8-6.) "When [an] appellant asserts a point but fails to support it with reasoned argument

7

and citations to authority, the court may treat it as [*forfeited*] and pass it without consideration." (*Id*. at ¶ 8:17.1, p. 8-6; *People v. Stanley* (1995) 10 Cal.4th 764, 793.)

This latter rule applies even when the appellate court is required to conduct an independent or de novo review, as we are required to do here. Although the trial court's decision is reviewed independently, the scope of review is limited to those issues that have been adequately raised and supported in the appellant's brief. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs, *supra*, ¶ 8:17.2, p. 8-6, citing *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 & *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 978-979.)

Here, DuRoss's rambling, conclusory and frequently unintelligible briefs do not tell this court how the trial court erred in sustaining the demurrer based on the affirmative defense of res judicata. Absent any argument by DuRoss or citations to authority that support the conclusion that the trial court erred in sustaining the demurrer, we deem the issue forfeited. (*People v. Stanley, supra*, 10 Cal.4th at p. 793.) Consequently, the presumption that the judgment is correct must prevail.

B.      *The Trial Court Properly Sustained Defendants' Demurrer*

Even if DuRoss had not forfeited his challenge to the trial court's order, his appeal would still fail. As we shall explain, the record before us establishes that the complaint was barred by the doctrine of res judicata. Thus, even assuming a proper presentation of the issues on appeal, we would affirm the trial court's order and resulting judgment.

Res judicata may be raised by demurrer where, as here, the judgment and pleadings from the prior action are presented to the court by a request for judicial notice. (Code Civ. Proc., § 430.30, subd. (a); *Estate of Dito* (2011) 198 Cal.App.4th 791, 795; *Carroll v. Puritan Leasing Co.* (1978) 77 Cal.App.3d 481, 486.) Whether the defense applies is a question of law, which we review de novo. (*Louie v. BFS Retail & Commercial Operations, LLC* (2009) 178 Cal.App.4th 1544, 1553; *Nicholson v. Fazeli* (2003) 113 Cal.App.4th 1091, 1100.)

8

"  'Res judicata' describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the parties or parties in privity with them.  Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.' " (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896-897.)  The present case concerns the claim preclusion aspect of the res judicata doctrine.

"Claim preclusion applies when '(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding.' [Citation.]" (*Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 226.)  We consider these elements in reverse order.

First, we consider whether the present case involves the same parties or their privies as *DuRoss 2*.  DuRoss is the named plaintiff in both cases.  Both complaints name former Governor Schwarzenegger, Controller Chiang, the "California State Prison – Warden," and the California Department of Corrections and Rehabilitation as defendants. Thus, the parties in the present proceeding or parties in privity with them are the same as the parties in the prior proceeding.

Next, we consider whether the present case involves the same cause of action as *DuRoss 2*.  "California law approaches the issue by focusing on the 'primary right' at stake:  If two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (*Eichman v. Fotomat Corp.* (1983) 147 Cal.App.3d 1170, 1174.) Here, the complaint in the instant action asserts the same causes of action as the complaint in *DuRoss 2*.  Indeed, the pleadings are largely identical.  Both complaints purport to vindicate the same primary right; namely, DuRoss's purported right to credit

9

against his restitution fine for time served. Thus, the present case involves the same causes of action as *DuRoss 2* for purposes of res judicata.

Finally, we consider whether the decision in *DuRoss 2* was final and on the merits. Defendants contend that "*DuRoss 2* resulted in a final judgment on the merits." Defendants do not address the question whether the denial of the habeas petition in *DuRoss 2* (1) amounts to a final judgment on the merits; and (2) constitutes an actual litigation of DuRoss's claims comporting with due process so as to warrant application of res judicata principles. Nevertheless, we conclude, under the circumstances of this case, that these requirements have been satisfied.

A habeas petition may be resolved by a summary denial of the petition when the court determines the petitioner has not presented a prima facie case for relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474-475; *Younan v. Caruso* (1996) 51 Cal.App.4th 401, 407-408 (*Younan*).) If a prima facie case is presented, the court issues an order to show cause which permits both parties to submit pleadings and, if needed, allows for an evidentiary hearing. (*Younan,* at pp. 407-408.) Once an order to show cause is issued, the court is required to issue a written opinion when ruling on the petition. (*Id.* at p. 408.)

A court's denial of a petition for writ of habeas corpus is not given res judicata effect on a subsequent petition for a writ of habeas corpus. (See *In re Clark, supra*, 5 Cal.4th at p. 773; *In re Crow* (1971) 4 Cal.3d 613, 621, fn. 8.) This rule is based on such considerations as the petitioner's inability to seek review of a denial of a habeas petition and the summary procedures that may be used in habeas proceedings. (*Ibid*.)

Nevertheless, to prevent abuse of the habeas writ and preserve the finality of judgments, the courts have developed the rule that a defendant is not permitted to bring a successive habeas petition before the same court based on a claim that was, or could have been, presented in a previous petition, unless there are new facts or law that could not have been previously presented or a fundamental miscarriage of justice has occurred. (*In re Clark, supra*, 5 Cal.4th at pp. 774-775, 797; *Younan, supra*, 51 Cal.App.4th at pp. 410-

10

411.)  Furthermore, when a party brings a civil suit raising the same issues as were previously raised and determined in a proceeding denying habeas relief, res judicata principles may, in proper circumstances, apply.  (*Younan, supra*, 51 Cal.App.4th at pp. 412-413.)  For example, in *Younan*, the court gave collateral estoppel effect to an issue decided in the denial of a habeas petition where an order to show cause was issued and an evidentiary hearing held in the habeas petition.  (*Id.* at pp. 413-414 & fn. 7 [habeas finding that defense counsel was not ineffective barred civil suit against defense counsel for professional negligence].)  Following *Younan,* we assume without deciding that the summary denial of a habeas petition may be considered a final judgment on the merits for res judicata purposes in appropriate circumstances.

There is nothing in the record to suggest that the trial court issued an order to show cause or held an evidentiary hearing when ruling on the habeas petition in *DuRoss 2*.  Even so, the trial court clearly rejected the petition on the merits.  (See *In re Clark, supra*, 5 Cal.4th at pp. 769-770 & fn. 9 ["The denial of a habeas corpus petition without issuance of an order to show cause, often referred to as a 'summary denial,' does not mean that the court has not  considered the merits of the claims.  Unless a procedural bar is apparent, the court will determine whether the petition states a prima facie case for relief, i.e., whether it states facts which, if true, entitle the petitioner to relief.  [Citation.]".)  The trial court's written order specifically addressed the merits of DuRoss's claims, finding them to be "utterly devoid of merit."  The trial court's order also confirms that the court adjudicated the same claims presented here.  As a matter of judicial policy, DuRoss could not have pursued another habeas petition on the same grounds, nor could he have pursued a belated habeas petition before the California Supreme Court.  (*In re Reno* (2012) 55 Cal.4th 428, 461.)  The record therefore reflects that the trial court's ruling on the habeas petition in *DuRoss 2* constituted a final determination on the merits that DuRoss was not entitled to relief based on his claim that Defendants wrongfully failed to credit him against his restitution fine for time served.

Although DuRoss's habeas petition appears to have been denied without an order to show cause or evidentiary hearing, this summary procedure was utilized because of the interplay between appellate and habeas proceedings in criminal cases. The primary means to challenge a criminal conviction is by appeal, and only limited collateral attack is permitted in a subsequent habeas proceeding. (*In re Clark, supra*, 5 Cal.4th at pp. 765-767.) DuRoss had the opportunity to challenge his restitution fine by means of the appellate process, and was given additional opportunities to challenge the fine through a seemingly endless succession of habeas petitions. Thus, DuRoss has had a full opportunity to litigate his challenge to the restitution fine. Given the right to a full review of the criminal trial on appeal, and the ancillary role played by the habeas process, the trial court's denial of the habeas petition in *DuRoss 2* may be properly deemed an actual litigation of the issues for res judicata purposes. Accordingly, the trial court could properly conclude that the decision in *DuRoss 2* was final and on the merits for purposes of res judicata.

To summarize, we conclude that DuRoss has forfeited his challenge to the trial court's order sustaining Defendants' demurrer to his complaint. Even if DuRoss had not forfeited his challenge to the trial court's order, we would affirm the trial court's order on the grounds that the complaint was barred by the doctrine of res judicata. In light of the foregoing, we need not address the other grounds for the trial court's ruling.

12

DISPOSITION

The judgment is affirmed.  Parties are to bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278 (a)(5).)


       HULL       , Acting P. J.


We concur:


     ROBIE     , J.


     DUARTE     , J.